## COLLINS *v.* LANIER *et al.*

No. 15634.  NOVEMBER 13, 1946.

*Deal & Anderson* and *W. G. Neville,* for plaintiff in error.

*George M. Johnston* and *Fred T. Lanier,* contra.

HEAD, Justice. (After stating the foregoing facts.) The bill of exceptions recites that the trial judge in passing on the general demurrer of the plaintiff in error stated that the businesses sought to be enjoined (junk yard and liquor store) are legitimate businesses in Bulloch County. The gravamen of the complaint appears to be the location of the businesses, and the further allegation that it is impossible to operate a liquor store outside the corporate limits of a municipality, away from police protection, without drinking on the premises, resulting in disorder, boisterousness, and other disturbances. It clearly appears from the petition that neither business is in operation.

In *Asphalt Products Co.* v. *Beard,* 189 *Ga.* 612 (7 S. E. 2d, 172), it was held that: "Equity will not enjoin, as a nuisance per se, 'an act, occupation, or structure which is [not] a nuisance at all

times or under all circumstances, regardless of location or surroundings' (*Thomoson* v. *Sammon,* 174 *Ga.* 751, 757, 164 S. E. 45; *Simpson* v. *DuPont Powder Co.,* 143 *Ga.* 465, 466, 85 S. E. 344, L. R. A. 1915E, 430; *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575, 576, 141 S. E. 643), or enjoin, as a nuisance per accidens, an act, business, occupation, or structure, which, not being a nuisance per se, does not become a nuisance by reason of the particular circumstances of its operation or the location and surroundings, as by some improper manner of operation or improper connected acts. *Simpson* v. *DuPont Powder Co.,* supra; *Warren Co.* v. *Dickson,* 185 *Ga.* 481, 484 (195 S. E. 568)."

The lawful operation of a properly licensed package liquor store is an authorized business in those counties where a majority of the qualified voters voting in an election for such purpose have approved the sale of liquor (Ga. L. 1937-38, Ex. Sess., p. 105, sec. 4; Code, Ann. Supp., §§ 58-1002-58-1008), and can not be enjoined as a nuisance per se, since that which the law authorizes to be done, if done as the law authorizes, is not such a nuisance. See *Burrus* v. *Columbus,* 105 *Ga.* 46 (31 S. E. 124). As to the operation of the liquor store, the petition "anticipates" that it will become a nuisance per accidens by reason of its location and the assumption that a liquor store can not be operated, where police protection is not had, in such a manner as to prevent certain illegal acts and conduct on the premises.

The petition in this case is based entirely on anticipation of injury amounting to a nuisance. It is not alleged that the plaintiff in error has, or can procure, a license from the county authorities of Bulloch County for the operation of such liquor store, nor is it alleged that he has, or can procure, a license from the State Revenue Commissioner for the operation of such business. It is provided by sec. 9 (c) of the act of 1937-38 (Ga. L. 1937-38, Ex. Sess., p. 111; Code, Ann. Supp., § 58-1028) that the county authorities shall determine the location of any retail liquor store licensed by them; and by sec. 9 (d) (Code, Ann. Supp., § 58-1031) it is provided that the county authorities shall have full authority to pass on the character, reliability, and fitness of the applicant before issuing such license. It is further provided in sec. 8 (b) (Code, Ann. Supp., § 58-1022) that the State Revenue Commissioner may decline to issue a license to any person who, in his reasonable discretion, is not a proper person to have such permit.

The petition does not contain sufficient allegations to support the contention made therein that the plaintiff in error would operate his store in an unlawful manner by permitting the drinking of liquor on the premises. Sec. 9 (c) of the act of 1937-38 (Code, Ann. Supp., § 58-1027) provides that it shall be unlawful for any retailer to allow the breaking of any package or packages of liquor on the premises where sold, or to permit the drinking of any of the contents thereof on the premises. A violation of such provision is made a misdemeanor. Sec. 8 (b) (Code, Ann. Supp., § 58-1022) makes it mandatory on the State Revenue Commissioner to revoke the retail liquor license of any person convicted of selling or serving liquors on the premises in unbroken packages. Speculation that a person who plans to establish a business, which the law recognizes as legal, will operate it in an improper and illegal manner, so as to constitute a nuisance, is insufficient to authorize the granting of an injunction.

As to the junk yard, it is alleged that it will present an unsightly view and will tend to devalue the property of plaintiffs on account of attendant noise and confusion in its operation. It is not alleged that the junk yard will be operated in an unreasonable manner or that unnecessary noise will be incident thereto. Compare *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 580 (141 S. E. 643). It would require an undue stretch of the imagination and an unauthorized apprehension to hold that such operation as indicated by the petition would have the direful result of injuring the health of the defendants in error. In *Barton* v. *Rogers,* 166 *Ga.* 802 (144 S. E. 248), stronger allegations of anticipated injuries than those made here were held by this court not to show a nuisance which a court of equity should enjoin, and the judgment sustaining a general demurrer to the petition in that case was affirmed.

In the present case, to sum up the basis for the injunction sought, we have allegations that a man proposes to conduct two businesses authorized by law, at a place where no zoning or other restrictions are alleged to exist. As to the junk yard no unusual facts are alleged, and if operated in the manner described in the petition, it would not become a nuisance per accidens. The operation of the liquor store would be authorized by law, and under the facts alleged would not be a nuisance per se. If not operated in strict accordance with the law and rules governing such operation,

it might become a nuisance per accidens, but in such event, under the rules of law governing such operation, the business might be terminated either by order of the county authorities or by order of the State Revenue Commissioner.

A mere apprehension of injury, based on the assumption that lawful businesses, not in operation, will be operated in an improper manner so as to become a nuisance, is not sufficient to authorize the granting of an injunction. *Harrison* v. *Brooks,* 20 *Ga.* 537; *Rounsaville* v. *Kohlheim,* 68 *Ga.* 668 (45 Am. R. 505); *Richmond Cotton Oil Co.* v. *Castellaw,* 134 *Ga.* 472 (4) (67 S. E. 1126); *Standard Oil Co.* v. *Kahn,* supra; *Barton* v. *Rogers,* supra; *Thomoson* v. *Sammon,* 174 *Ga.* 751; *Pittard* v. *Summerour,* 181 *Ga.* 349 (182 S. E. 20); *Washington Seminary* v. *Bass,* 192 *Ga.* 816 (16 S. E. 2d, 565). It follows that the judge erred in overruling the general demurrer of the plaintiff in error, and all further proceedings were rendered nugatory.

*Judgment reversed. All the Justices concur, except Wyatt, J., who dissents.*