40515. PAUL et al. v. BAILEY.

DECIDED APRIL 7, 1964—REHEARING DENIED APRIL 30
AND MAY 13, 1964.

*Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller,* for plaintiffs in error.

*Fulcher, Fulcher, Hagler & Harper, W. M. Fulcher,* contra.

JORDAN, Judge. ■ (a) The defendants demurred to count 1 of the petition on the ground that it did not set forth a cause of action for the reasons that (1) it was not alleged that the plaintiff's property had been damaged and (2) it affirmatively appeared from the allegations of the petition that the act of excavation on which said cause of action was based was not the act of the defendants but of a third person, Mrs. Ester Ram. These demurrers were meritorious and should have been sustained.

"Owners of adjoining lands owe to each other the lateral support of the soil of each to that of the other in its natural state. If they derive title from a common grantor, the lateral support shall embrace the weight of walls and other burdens that may be on it; and if at the time of sale there are buildings adjoining each other, the right shall extend to the lateral support which each adjacent wall gives to the other." *Code* § 85-1202. *Code* § 85-1203 provides, however, that "The owner of adjoining land has the right, on giving reasonable notice of his intention so to

do, to make proper and needful excavations even up to the boundary line for purposes of construction, using ordinary care and taking reasonable precautions to sustain the land of the other." Under the provisions of this Code section a landowner is not denied the right to the full use of his property including the right to make excavations upon his property up to the boundary line of the adjoining landowner; but in making such excavations, he must avoid unnecessary injury to the property of the adjoining landowner; and when through failure "to exercise ordinary care and reasonable precautions 'to sustain the land' of the adjoining landowner as the excavation is being made and in the changed condition," injury is inflicted upon the adjoining land by the withdrawal of lateral support, the excavator has committed a tort for which he may be liable in damages. *Massell Realty Co. v. MacMillan Co.*, 168 Ga. 164 (1), 169 (147 SE 38).

An injury for which damages may be recoverable is not sustained by the adjoining landowner, however, unless and until the excavation and resulting withdrawal of lateral support causes his land to crack, slide, fall in or otherwise suffer actual physical disturbance; for the actionable wrong is not the excavation, but the act of allowing injury to the other land through failure to exercise ordinary care to sustain said land. 1 R.C.L. 389, § 26; 1 Am. Jur. 525, Adjoining Landowners, § 34; 1 Am. Jur. 2d 740, Adjoining Landowners, § 69. See *Morrison v. Latimer*, 51 Ga. 519. It is the person who makes the excavation which later causes injury to the adjoining property, and not the person in possession at the time of the injury who is liable for the damages caused. 1 R.C.L. 390, § 28; 1 Am. Jur. 526, Adjoining Landowners, § 36; 1 Am. Jur. 2d 742, Adjoining Landowners, § 72; Annotation, 139 A.L.R. 1267.

The allegations of count 1 of the petition disclosed that the excavation in issue had not been made by the defendants but by the defendants' predecessor in title, Mrs. Ester Ram; and that the plaintiff's land had not been actually disturbed by said excavation, it only being alleged that the adjoining property had been "exposed to the danger of washouts, land-slides, cave-ins, and erosion." Accordingly, under the authorities cited above,

count 1 of the petition did not set forth a cause of action predicated upon damages sustained by the plaintiff's property due to the alleged withdrawal of lateral support by the defendants.

(b)   It is insisted by counsel for the plaintiff that the allegations of count 1 of the petition are sufficient to set forth a cause of action against the defendants for their failure to comply with an alleged covenant running with the land which required them to build a retaining wall between the property of the parties. This contention is predicated upon the allegations that the defendants' predecessor in title, Ester Ram, through a letter written by her attorney assured the plaintiff that she would build a retaining wall to protect the plaintiff's property; and that the defendants purchased the property with notice of the same.

Assuming but not deciding that Mrs. Ram's unilateral proposal to build a retaining wall was a binding personal obligation upon her, the same clearly could not constitute a covenant running with the land and thus be enforceable against the defendants in this action.   "To constitute a covenant running with the land, there must first be an interest or estate therein granted, the covenant must relate to the interest or estate granted and the act to be done must concern the interest created or title conveyed." *Grant-Jeter Co. v. American Real Estate Co.,* 159 Ga. 80, 83 (125 SE 73).   "All covenants relating to a subject-matter not in esse, such as for the erection of buildings upon the premises demised, are personal covenants and do not run with the land so as to bind the assignees, unless they are expressly named therein." *Atlanta Con. St. R. Co. v. Jackson,* 108 Ga. 634, 639 (34 SE 184).   A covenant must be created by deed or deed poll or indenture.   *Georgia Sou. R. v. Reeves,* 64 Ga. 492, 494; *Atlanta K. &c. R. Co. v. McKinney,* 124 Ga. 929, 933 (53 SE 701, 6 LRA (NS) 436, 110 ASR 215).

The proposal by Mrs. Ram could not under these authorities constitute a covenant running with the land; nor was said proposal "such a restrictive agreement relating to the use and enjoyment of the land as equity treats as one going with the land into the hands of a purchaser with notice." *Grant-Jeter Co. v. American Real Estate Co.,* 159 Ga. 80 (1), supra.

Count 1 of the petition did not set forth a cause of action based

on the failure of the defendants to build a retaining wall, nor did it set forth a cause of action based upon the original excavation made by their predecessor in title, and it was error for the trial court to overrule the general demurrers to this count of the petition. The subsequent proceedings in this case in regard to count 1 of the petition were therefore rendered nugatory.

(c) Counsel for plaintiff earnestly contends that considering the petition as a whole, present damages are alleged and that the defendants are liable under *Code* § 85-1202 requiring the owner of adjoining lands to provide lateral support to the other. Even assuming this to be the case, the record is void of proof showing that such lateral support has not been provided by defendants or that the plaintiff's property has cracked, slid, or fallen in as a result of the excavation. The defendants' witnesses positively testified that the closest hole or erosion on the embankment was 10 to 12 inches from the plaintiff's property line. Testimony of the plaintiff on this point, being contradictory, must be viewed in the light most unfavorable to the plaintiff.

Testimony of Mr. Bailey, husband of the plaintiff, in connection with the damage to the plaintiff's property, is as follows: "[The embankment] varies from about 1 foot from our property to about 8 or 10 feet." "The erosion has gone *to* the property line." "The erosion has taken place of course, on his [defendant's] property." In answer to the question, "Has there been any erosion on your property?" Mr. Bailey answered, "It has come back to my line at one point here, at another point it is close to it, it is less than a half foot from it." He testified that a hole was made by the bulldozer blade when the excavation was made in 1957 and that this hole was a few inches under his property line, "but it hasn't caved in yet." He further testified that the embankment near this hole has "eroded about a foot from 1957 to 1963 now it is *right up* to the property line," and that "the hole is now under, right directly under my property line," and that "the hole is on the defendants' property. It's *endangering* mine," and that "the hole is on the defendants' property but it's *up* to mine." (Emphasis supplied.)

Mrs. Bailey, the plaintiff, in describing her property said, "no

it doesn't cave. But there is always that *potential* there." She further testified, "no, I didn't say there was a giving away or a caving in of the earth," but that "when the soil becomes saturated with water it is *going* to cave in." She further stated "the *potential* there is actually what I am more disturbed about than the damage which has been done right up to the present point." (Emphasis supplied.)

A witness for the plaintiff in answer to the question, "Where has the erosion taken place—on Mrs. Bailey's property or on the defendants' property?" answered, "As far as I could see the erosion has taken place on the defendants' property." Another witness for plaintiff testified, "I said it was sluffing. I didn't say it had come to [plaintiff's] property yet."

In the light of this testimony it is clear that while some damage might eventually result from this excavation, a finding is demanded that no damage as of yet has resulted to the plaintiff's property sufficient to support an action based on failure of the adjoining landowner to provide lateral support.

Accordingly, assuming for the sake of argument only, that the allegations of count 1 of the petition were sufficient to set forth a cause of action on this ground, the plaintiff's evidence was insufficient to authorize a verdict in her behalf on count 1 of the petition; and the verdict rendered on this count would have been subject to the defendants' motion for judgment notwithstanding the verdict.

■ Count 2 of the petition to which no general demurrers were filed was precidated upon the contention that the embankment created by the original excavation upon the defendants' property constituted a nuisance and that the defendants had failed to abate said nuisance by building a retaining wall along said embankment as requested by the plaintiff. The evidence adduced on the trial of the case disclosed that the original excavation had not been made "even up to" the plaintiff's boundary line but that a sloping embankment of compacted clay, which embankment was entirely upon the defendants' property, was left to provide lateral support for the plaintiff's land, and there was no evidence that said land had slid, fallen in or otherwise been physically disturbed as a result of said excavation. Under

these circumstances, it cannot be said that the defendants' predecessor in title had failed to exercise ordinary care to sustain the land of the plaintiff even though no retaining wall had been built. The original excavation and the resulting embankment was a legal, proper and authorized use of the defendants' property under the provisions of *Code* § 85-1203; and could not therefore constitute a nuisance per se. As stated by the Supreme Court in *Collins v. Lanier*, 201 Ga. 527, 530 (40 SE2d 424), "that which the law authorizes to be done, if done as the law authorizes," is not a nuisance per se; and under the facts and circumstances of this case, the unsightly appearance of the embankment due to its rough and jagged nature and the fact that the defendants allowed high weeds and grass to grow thereon, would not be sufficient to constitute said embankment a nuisance per accidens. See *Collins v. Lanier*, supra, p. 531.

The evidence being insufficient to show the maintenance of a nuisance by the defendants, a verdict was demanded in their behalf on count 2 of the petition; and it was error for the trial court to deny their motion for judgment notwithstanding the verdict.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*