## 52547. JILLSON v. BARTON et al.

Argued September 13, 1976 — Decided October 4, 1976.

*Stanley H. Nylen,* for appellant.
*Jones, Bird & Howell, Earl B. May, Jr., David A. Rammelkamp,* for appellees.

DEEN, Presiding Judge.

1. The original complaint was alleged to be "based on the theory of equitable conversion and indirect injury and damage to the esthetic [sic] value of her property" caused by the defendant-appellees' "constructing, grating and changing the contour of land directly adjacent to plaintiff's property." Thus the gravamen of the action is indirect damage to the plaintiff's property through actions taken by the defendants on their own property.

At the outset, we note that the theory of equitable conversion is inapplicable to a suit for "indirect injury and damage" to property; this legal theory is based on the principle that equity regards things directed or agreed to be done as having been actually performed, where nothing has intervened which ought to prevent a performance. *DeVaughn v. McLeroy,* 82 Ga. 687 (10 SE 211) (direction by will). See also *Bleckley v. Langston,* 112 Ga. App. 63 (143 SE2d 671) (agreement by contract).

If the complaint states a cause of action at all for indirect damages to the plaintiff's property, it must be for nuisance. "A nuisance is an indirect tort, while a trespass usually is a direct infringement of one's property rights. 'The distinction between trespass and nuisance consists in the former being a direct infringement of one's right of property, while in the latter the infringement is the result of an act which is not wrongful in itself, but only in the consequences which may flow from it. In the one case the injury is immediate; in the other it is consequential, and generally results from the commission of an act beyond the limits of the property affected.' *Central of Ga. R. Co. v. Americus Con. Co.,* 133 Ga. 392, 398 (65 SE 855)." *Groover v. Hightower,* 59 Ga. App. 491, 494 (1 SE2d 446).

Does the complaint state a cause of action against the appellees for nuisance? "A nuisance is anything that works hurt, inconvenience, or damage to another..." Code § 72-101. The "hurt, inconvenience, or damage" to the plaintiff's property alleged in the complaint is "indirect injury and damage" to the aesthetic value. "The in-

convenience complained of shall not be fanciful, or . . . such as would affect an ordinary reasonable man." Code § 72-101. It has been held that the unsightliness of adjacent property alone, tending to devalue the adjoining property, is not such inconvenience as to amount to a nuisance for which an injunction will lie, *Collins v. Lanier,* 201 Ga. 527, 531 (40 SE2d 424), or damages recovered, *Paul v. Bailey,* 109 Ga. App. 712, 719 (137 SE2d 337).

The complaint failing to state a cause of action, the motion to dismiss was properly granted.

2. The amendment to the complaint alleged a conspiracy between the appellees and persons unknown to remove the ridge without a permit, "contrary to the laws of the State of Georgia and County of Fulton." We know of no state law requiring such a permit, though Code § 85-1203 would give the appellees the right to excavate their property with reasonable notice and ordinary care. Likewise, mere violation of an ordinance does not create a private nuisance. 765 East 166th St. Corp. v. Boysland Realty Corp., 184 NYS2d 722, 724. Also the allegations of the amendment relate back to the original complaint, including the allegation that the damage was to the aesthetic value of the property; thus pretermitting the question of permit, the plaintiff has not alleged any recoverable damages. *Paul v. Bailey,* 109 Ga. App. 712, 719, supra. Nor does the amended allegation of conspiracy save the complaint. "Where damage results from an act which, if done by one alone, would not afford ground of action, the like act would not be rendered actionable because done by several in pursuance of a conspiracy." *Lambert v. Ga. Power Co.,* 181 Ga. 624, 628 (183 SE 814); *Rhodes v. Levitz Furniture Co.,* 136 Ga. App. 514, 518 (221 SE2d 687).

A motion to strike may be treated as a motion to dismiss for failure to state a claim. Great Northern Paper Co. v. Babcock & Wilcox Co., 46 FRD 67. Allegations that the appellees' actions taken on their own property have indirectly damaged the aesthetic value of the plaintiff's fails to state a cause of action. Code § 72-101. A motion to strike is properly granted where, as here, the complaint is too vague and conclusory to state a claim upon which relief could be granted. Flood v. Margis, 60 FRD 474.

*Judgment affirmed. Quillian and Webb, JJ., concur.*