58024. SIPPLE et al. v. FOWLER.

McMurray, Presiding Judge.

In 1970 Noel Fowler was the owner of certain property in the City of Milledgeville which was zoned commercial. However, a dwelling house was located thereon at the corner of Jefferson Street and Hall Street. The plaintiffs owned five lots which adjoined the northerly and easterly side of defendant's property. The five lots of plaintiffs faced Hitchcock Avenue, an L-shaped street running from Jefferson Street to Hall Street, and located on four of these lots were dwellings. Fowler purchased the property for development purposes and in doing so he excavated the dirt from around the corner dwelling so as to make it level with the adjoining streets but lowering the lot considerably as to the other lots.

In 1975, contending that he had removed the dirt from the property in excavating the same to the depth of 10 to 12 feet up to the property line, the adjoining property owners brought this action jointly claiming damages to their property in the amount of $18,000. They also allege that he had promised to erect a retaining wall but repeatedly refused to do so as promised; he had acted in a stubbornly litigious manner and in bad faith; and they also sought attorney fees. The defendant answered in

general denying the claim although admitting jurisdiction.

The case came on for trial, and the jury returned a verdict in favor of the defendant, and the judgment followed the verdict. A motion for new trial was filed, thereafter amended, and after a hearing the same was denied. Plaintiffs appeal. *Held:*

1. The issue as to whether defendant had damaged plaintiffs' property was in sharp conflict based upon the evidence presented by the parties. The excavation of the property occurred in 1970. Testimony shows that after the defendant had parted with title to the property and some six years after the excavation had been done the new owner had filled in some of the excavated area. A considerable amount of debris had been left on the property when the corner dwelling house was removed therefrom, but some of it was removed by the new owner.

During the trial counsel for defendant made a request that the jury be allowed to go out and view the property in that the land was supposedly cut down creating a slope which allegedly damaged plaintiffs' adjoining property by reason of the excavation washing land from the plaintiffs' property thereby causing the damage to it. Counsel for plaintiffs strongly objected to the allowance of the view inasmuch as there had been a great many changes made in the property since the lawsuit was filed in 1975, the trial occurring in 1977. However, the trial court granted the motion to allow the view of the property inasmuch as the alleged damage had occurred around 1970 or 1971 and the lawsuit was not filed until May of 1975.

The first enumeration of error contends that inasmuch as the new owner had made changes in the property conveyed by the defendant by filling in the excavation and covering up the sources from which some of the damage flowed, the view of the property was more harmful and prejudicial and damaging to the plaintiffs, and this constituted an abuse of discretion on the part of the trial court. However, the changes in the excavated property were not in issue but the question was as to the damages to the plaintiffs' adjoining property. Whether or not a jury should be allowed to view the premises is a

matter which rests in the sound discretion of the trial court. See *Rogers v. McElroy,* 106 Ga. App. 120 (126 SE2d 294); *Shahan v. American Tel. &c. Co.,* 72 Ga. App. 749 (35 SE2d 5); *Moore v. Macon Coca-Cola Bottling Co.,* 180 Ga. 335, 336—342 (1) (178 SE 711). Under the circumstances here we find no abuse of discretion by the trial court in allowing the jury to view the premises even though there had been some changes as to the excavated property since the dirt had been removed creating a slope as to the boundaries between plaintiffs' and defendant's property lines. There is no merit in this complaint.

2. During the examination of a witness offered by the defendant, plaintiffs objected to the allowance of a leading question as to whether or not the witness had been contacted by the defendant Fowler "to dress the shoulders up" after another individual had removed the dirt. Plaintiffs contend this question was very damaging, harmful and prejudicial, entitling them to a new trial. Generally, leading questions are allowed only on cross examination but again it is within the exercise of the trial court's sound discretion in granting the right of the party calling the witness. See Code § 38-1706. *Cade v. Hatcher,* 72 Ga. 359 (1); *Peterson v. State,* 6 Ga. App. 491 (2) (65 SE 311); *Wade v. State,* 13 Ga. App. 142 (1) (78 SE 863); *Hawthorne v. Pope,* 51 Ga. App. 498, 501 (2) (180 SE 920). We find no abuse of discretion here on the part of the trial court as to the allowance of the leading question. However, it is also noted that the witness never answered the question, although certainly the witness was informed of the answer requested from the question when he was asked what he did as the result of the request "to dress the shoulders up" on the property. The answer to the following question was "I resloped the banks where they washed out and got it ready to grass." No harmful error has been shown, and there is no merit in this complaint.

3. Error is enumerated to the refusal of the trial court to allow into evidence a written record of money damages made by one of the plaintiffs. Plaintiffs contend that the exhibit offered in evidence was prepared from regular records as to renters and rent record of these properties. However, objection was made that the exhibit was self-serving, not kept in the course of business but

prepared for the purpose of this lawsuit which was merely a memorandum showing the alleged losses to the various lots as to loss in value and rental loss. The trial court disallowed same contending that it covered a period of time when the defendant did not own the property, was self-serving and speculative. The injury for which plaintiffs sought damages allegedly resulted from the withdrawal of lateral support causing plaintiffs' land to crack, slide, fall in and otherwise suffer actual physical disturbance as was stated in *Paul v. Bailey,* 109 Ga. App. 712, 715 (137 SE2d 337), and the actionable wrong is not . the excavation but injury to the adjoining land. The reasoning of the court that the damage could not cover the period of time since the defendant had sold the property was in error as plaintiffs contended that defendant had created the problem which had not been corrected. The mere change of title would not stop the injury and damage. The damages would continue so long as the problem created by the defendant existed, if he did so create the problem by withdrawal of lateral support. However, the objection to the exhibit that it was self-serving and speculative was a proper objection. The court did not err in disallowing the resume or memorandum prepared by the plaintiffs for trial.

4. The trial court disallowed plaintiffs' exhibits numbers 4 and 5 which were letters of protest written by counsel to defendant in 1972 and 1973 with reference to the damages resulting from the alleged continued withdrawal of lateral support by reason of the excavation on defendant's property. The letters were self-serving as to the alleged damages resulting from the withdrawal of lateral support, and the trial court did not err in excluding them from evidence.

5. Error is enumerated to the failure of the trial court "to charge on measure of damages, ordinary care, and reasonable precautions", and that the court failed to provide the jury with proper guidelines for determining the issues. However, there was no written request to charge, and there was no exception to the charge, counsel for plaintiffs stating that she had no exceptions when she was given a suitable opportunity to make objection as required by Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18,31;

1966, pp. 493, 498; 1968, pp. 1072, 1078). See *Hand v. Williams,* 234 Ga. 755 (1) (218 SE2d 7). We find no substantial error in the trial court's charge as given which would be harmful as a matter of law and requiring a new trial. There is no merit in this complaint.

6. While the evidence was in conflict as to whether or not the defendant in excavating and removing dirt from his property did thereby withdraw the lateral support from the adjoining property and cause it to be damaged due to the alleged resulting cracking, sliding and falling of the earth as to plaintiffs' property, the jury was authorized to determine that the defendant was not liable in damages and to render a verdict in his favor.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED JUNE 14, 1979 — DECIDED SEPTEMBER 4, 1979.

*Eva L. Sloan,* for appellants.
*Milton F. Gardner,* for appellee.