65521. OKLEJAS v. WILLIAMS.

QUILLIAN, Presiding Judge.

This is an appeal from a jury verdict and judgment for plaintiff-appellee Williams in an action seeking damages for nuisance and fraud arising from defendant-appellant Oklejas' construction of a wall between their adjoining residential properties.

The back line of appellee's lot was the side line of appellant's lot. A wooden fence belonging to appellee stood along the line, and approximately one third of the fence was on appellant's side of the line. Appellant was improving his property which included the installation of a swimming pool. Appellant contacted appellee telephonically about removing her fence so that he could construct a wall along the line on his property to enclose the swimming pool area. Other parts of appellant's property also were enclosed by brick or masonry walls. After the initial contact, appellant's dealings with appellee were through Cross who had been hired by appellant to construct the footing for the wall. As a result a written agreement was executed by the parties by which appellant agreed to remove appellee's wooden fence and to construct a wall in its place entirely on appellant's property, all at no expense to appellee. It is undisputed that both parties and Cross understood that the wall would be constructed of brick at the time the agreement was made although the agreement did not specifically so state. The fence was removed by Cross and the footing for the wall put in. Another contractor then

commenced constructing the wall apparently while appellee was away. Appellee returned when the wall was partially constructed and saw that exposed concrete blocks had been used on the lower portion of her side of the wall. She thereupon complained to appellant that she had not agreed to a wall with concrete blocks in it and thereafter refused to let the masons enter her property to work on her side of the wall or to clean up the wall and the debris. The wall was completed with the masons working from appellant's side of the wall only, and appellant's offer to clean up and paint the wall on appellee's side was rejected by appellee, who then commenced this action. The jury's verdict was for $6500 actual damages and $10,000 punitive damages. *Held:*

1. Appellant correctly asserts that the trial court erred in denying his motion for directed verdict made on the grounds that appellee has not proved that she was entitled to recover for the alleged nuisance because the evidence established only that any possible injury to appellee was caused by the unsightly appearance of the wall.

"[T]he unsightliness of adjacent property alone, tending to devalue the adjoining property, is not such inconvenience as to amount to a nuisance for which an injunction will lie, *Collins v. Lanier,* 201 Ga. 527, 531 (40 SE2d 428), or damages recovered, *Paul v. Bailey,* 109 Ga. App. 712, 719 (137 SE2d 337)." *Jillson v. Barton,* 139 Ga. App. 767 (1), 769 (229 SE2d 476). Compare, *Grubbs v. Wooten,* 189 Ga. 390 (5 SE2d 874); *Campbell v. Hammock,* 212 Ga. 90 (2) (90 SE2d 415).

2. It is also alleged that the trial court erred in denying a motion for directed verdict made on the grounds that the evidence was insufficient to support a finding that appellant or his agent Cross made a false representation to appellee that the wall would be constructed of brick, or that if a false representation was made either appellant or his agent knew it was false at the time.

"To recover in tort for fraud the plaintiff must prove five essential elements: (1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." *Martin Burks Chevrolet v. McMichen,* 136 Ga. App. 845, 847 (222 SE2d 633).

In the instant case, while the evidence is clear that appellant's agent represented to appellee that the wall would be brick, we find no evidence to support a conclusion that the representation was false when it was made or that if it was false that appellant or his agent

knew it was false. The uncontradicted evidence was that appellant, who has no knowledge of the construction of brick walls, contracted for the construction of a brick wall. Neither appellant nor his agent had any knowledge that concrete block would be used in the construction of the wall when the representation was made and only discovered that concrete block was being used after the block was installed and appellee complained about it. We do not agree with appellee's contention that appellant's failure to stop further construction of the wall after appellee complained and he became aware that concrete block was being used established that appellant had no intention of building a wall composed only of bricks when the representation was made.

Therefore, the trial court erred in denying the motion for a directed verdict as to the allegation of fraud. Compare, *Eckerd's Columbia v. Moore,* 155 Ga. App. 4 (1) (270 SE2d 249); *Derryberry v. Robinson,* 154 Ga. App. 694 (3) (269 SE2d 525).

3. In view of the foregoing findings it is unnecessary to address the remaining enumerations.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 4, 1983 —
REHEARING DENIED MARCH 2, 1983 — 

*Raymond G. Chadwick, Jr.,* for appellant.
*Robert C. Daniel, Jr.,* for appellee.