74295. JACKSON v. PACES FERRY DODGE, INC. et al.
(359 SE2d 412)

BENHAM, Judge.

Appellant filed suit against appellee Paces Ferry Dodge, Inc., in October 1980, alleging a violation of the Georgia Fair Business Practices Act ("FBPA") (Ga. L. 1975, p. 376, § 1; OCGA § 10-1-390 et seq.), fraudulent misrepresentation, and breach of contract with regard to allegedly unnecessary repairs made to appellant's automobile by Paces Ferry Dodge ("Paces Ferry"). By way of an amendment to her complaint, appellant recast her allegation of fraud, and struck in their entirety the allegations of breach of contract and FBPA violations. Appellant also added appellee Chrysler Corporation as a defendant. In her third amendment to the complaint, filed the day trial commenced, appellant sought to "restore" her claim under the FBPA. The trial court dismissed the third amendment as untimely and prejudicial, and the case proceeded to trial on the issue of fraud. At the close of appellant's evidence, the trial court, acting on motions made by appellees, directed verdicts in favor of appellees. This appeal fol-

lowed the denial of appellant's motion for new trial.

1. Appellant contends the trial court erred in dismissing her third amendment to the complaint, in which amendment she alleged a violation of the FBPA. Appellant filed the amendment the morning of trial, and appellees received a copy of the filed amendment as they entered the courtroom. Upon motion of appellees, the trial court dismissed the amendment as untimely and prejudicial. No pretrial order was entered in the suit.

"A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." OCGA § 9-11-15 (a). Where the time for a pretrial conference has passed and neither the court nor a party has insisted upon the entry of a pretrial order and no such order has been issued, a party's unfettered right to amend ceases upon the commencement of the trial proper and the taking of evidence. *Black v. Lowry*, 159 Ga. App. 57 (1) (282 SE2d 700) (1981). See also *Slater v. Jackson*, 163 Ga. App. 342 (1) (294 SE2d 557) (1982). Inasmuch as it is undisputed that no pretrial order was issued and that appellant's amendment was filed and served prior to the commencement of trial, the amendment should have been permitted as a matter of right. Therefore, it was error to dismiss the third amendment to appellant's complaint.

2. Appellant's case proceeded to trial on one issue, fraud. At the close of appellant's evidence, appellees moved for and were granted directed verdicts. Appellant cites as error the grant of the directed verdicts and the entry of judgment thereon.

"If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." OCGA § 9-11-50 (a). "To recover in tort for fraud, the plaintiff must prove five essential elements: (1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. [Cit.]" *Oklejas v. Williams*, 165 Ga. App. 585 (2) (302 SE2d 110) (1983). "Although fraud may not be presumed, 'slight circumstances may be sufficient to carry conviction of its existence.' [OCGA § 23-2-57]." *Horne v. Claude Ray Ford Sales*, 162 Ga. App. 329 (1) (290 SE2d 497) (1982). In the case at bar, appellant presented evidence that she authorized Paces Ferry to replace her automobile's engine head based upon Paces Ferry's representation that the head was cracked. Mechanics who later ran independent tests on the original head concluded the head need not have been replaced. The trial court granted appellees' motions for directed verdict on the ground that appellant failed to prove Paces Ferry knew its

representation was false when it made the representation.

Appellant argues that the trial court erroneously based the direction of verdicts against her on the testimony of one of her witnesses. The trial court ruled that appellant had failed to prove that Paces Ferry knew of the falsity of its statement that the engine head of appellant's car was cracked when it so told appellant. The trial court reviewed the testimony of appellant's witness, the former service manager at Paces Ferry, who testified that the engine head had been sent for testing to Genuine Auto Parts, which had reported to Paces Ferry that the head was cracked. Paces Ferry, in turn, reported to appellant that the head was cracked. Appellant maintains that guilty knowledge may be inferred from expert testimony concerning the good condition of the engine head, coupled with testimony that the dirty condition of the head when retrieved by appellant from Paces Ferry precluded the possibility it had been previously tested. Appellant wishes to infer that Paces Ferry knew or should have known from the dirty condition of the head that it had not been tested, and therefore had the requisite guilty knowledge when it told appellant the head was cracked. However, the allegedly defrauded party must prove actual, not constructive, knowledge on the part of the defendant. See *Lively v. Garnick*, 160 Ga. App. 591 (1) (287 SE2d 553) (1981). "[C]onstructive knowledge is not a sufficient basis upon which to predicate an action for fraud. [Cit.]" *Derryberry v. Robinson*, 154 Ga. App. 694 (3) (269 SE2d 525) (1980). See also *Oklejas v. Williams*, supra. The trial court did not err in granting the directed verdicts on this ground.

3. Appellant contends the trial court erred by excluding evidence regarding appellant's alleged attempts to rescind the contract. Appellant testified that she, with her attorney and the original engine head, returned to Paces Ferry on May 9, 1980, over seven months after the alleged fraud occurred. The trial court sustained an objection that testimony regarding the May 9 meeting would be inadmissible because it involved a compromise of appellant's claim. See OCGA § 24-3-37. "Propositions made with a view to compromise are not proper evidence. [Cit.] If it is relevant to show some other issue in a case, however, a party may show that a demand for settlement was made, and the fact the other party refused to comply, without going into specific details of the demand. [Cits.]" *U-Haul Co. &c. v. Ford*, 171 Ga. App. 744 (2) (320 SE2d 868) (1984). Appellant asserts she wished to present evidence of the May 9 meeting to show her attempt to rescind the contract. However, appellant's pleadings do not reflect an election to rescind the contract, and it was not necessary to appellant's case to prove rescission since she could affirm the contract and maintain her action for damages sustained due to appellees' alleged fraud. *Preiser v. Jim Letts Oldsmobile*, 160 Ga. App. 658 (1) (288

SE2d 219) (1981). Therefore, it was not reversible error to limit appellant's testimony.

4. The trial court refused to permit one of appellant's witnesses, qualified as an expert mechanic, to testify about aluminum engine heads because he had not been qualified as an expert on engines equipped with aluminum heads. "The question of whether a witness is qualified to give his opinion as an expert is one for the court. His determination will not be disturbed except that it be manifestly abused. [Cit.]" *Faubion v. Piedmont &c. Constr. Corp.*, 178 Ga. App. 256 (1) (342 SE2d 718) (1986). We find no abuse of discretion by the trial court.

5. Appellant also maintains the trial court erroneously limited the testimony of her witness by refusing to admit hearsay testimony to explain the witness' conduct. OCGA § 24-3-2 provides: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." The Supreme Court has limited the application of OCGA § 24-3-2 to situations in which "the conduct and motives of the actor are matters concerning which the truth must be found. . . ." *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982). See also *Commercial Union Ins. Co. v. Smith*, 179 Ga. App. 734 (1) (347 SE2d 701) (1986). Since the witness' conduct and motives were not relevant to the issue whether appellees had made a fraudulent misrepresentation, the trial court did not err in excluding the testimony. Compare *Commercial Union Ins. Co. v. Smith*.

6. Appellant called as a witness an employee of Genuine Auto Parts. When it was determined that the witness did not work at the testing branch at the time appellant's aluminum engine head was allegedly tested, the trial court sustained objections to his testimony. Appellant contends the witness should have been permitted to testify about company-wide procedure, and made a proffer of the witness' testimony. Pretermitting a discussion of the propriety of the proffer and of the trial court's limitation on the witness' testimony is our conclusion that the proffered testimony was not sufficient to avoid the directed verdicts in favor of appellees. In his proffer, appellant's attorney stated that the witness would have testified that Genuine Auto Parts did not have the capability of testing aluminum engine heads at the time it allegedly tested appellant's aluminum engine head and found it to be cracked. There was, however, no evidence that Paces Ferry knew of Genuine Auto Part's inability to test the part when it told appellant her engine head was cracked. Since the rejected testimony did not fill the "guilty knowledge" gap, its exclusion, even if error, was harmless.

7. The trial court refused to allow counsel for appellant to cross-

examine counsel for Paces Ferry concerning whether Paces Ferry was an alter ego of Chrysler Corporation. Inasmuch as any evidence on this issue would not have avoided the directed verdicts on the issue of fraudulent misrepresentation, it is not necessary that we review it.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Carley, J., concur.*

DECIDED JULY 1, 1987.

*Pat D. Dixon, Jr.*, for appellant.
*Philip M. Casto, Robert U. Wright*, for appellees.