A89A0621. STROUD et al. v. McSWAIN et al.

(384 SE2d 206)

BENHAM, Judge.

Appellee Barbara McSwain is the legal guardian of the person of an orphaned child, H. A. M. Appellants are the child's aunts and uncles and maternal grandmother. They objected when Mrs. McSwain and her husband filed a petition to adopt H. A. M. Concluding that adoption was in the child's best interest and that appellants had failed to show a legally sufficient reason why the adoption should not be granted, the trial court granted the adoption. Appellants bring this appeal.

1. Appellants contend the adoption should not have been permitted because Mrs. McSwain, the guardian of the child's person, had not "voluntarily and in writing surrendered all [her] rights to the child to a third person(s) for the purpose of enabling that person(s) to adopt the child. . . ." OCGA § 19-8-3 (a) (3). The trial court held in its order that a surrender of guardianship was not necessary since the petitioner for adoption was the legal guardian of the child's person. The court further ruled that the issue had been waived and abandoned since it had not been raised prior to trial. The trial court's conclusion concerning waiver and abandonment is supported by the record. The issue not having been timely raised in the trial court, we will not now entertain it. See Jackson v. Paces Ferry Dodge, 183 Ga. App. 502 (1) (359 SE2d 412) (1987).

2. Appellants contend the grant of the adoption to the child's legal guardian was unnecessary to achieve any legally recognized benefit and destroyed the testamentary intent of the child's deceased father and maternal grandparents. Neither the achievement of a legally recognized benefit nor the achievement of testamentary intent is the standard applied to the grant of an adoption. Rather, the trial court must, as it did here, determine whether the petitioners are capable of assuming responsibility for the child, whether the child is suitable for adoption, and whether adoption is in the best interest of the child. OCGA § 19-8-13 (b). As for the legally recognized benefits brought

about by adoption, see OCGA § 19-8-4 (a). As for the child's ability to receive the inheritance left her by her father or by others through either of her parents, see OCGA § 19-8-14 (b).

*Judgment affirmed. Deen, P. J., and Birdsong, J., .concur.*

DECIDED JUNE 21, 1989 —
REHEARING DENIED JULY 7, 1989 —

*Walters, Davis, Smith, Meeks & Pittman, W. Edward Meeks, Jr., O. Wayne Ellerbee, Floyd B. Moon,* for appellants.
*Roger J. Dodd,* for appellees.