## A93A1050. DOWDEN v. AMERICAN TELEPHONE & TELEGRAPH COMPANY.
### (438 SE2d 652)

BEASLEY, Presiding Judge.

Dowden, as trustee for the bankruptcy estate of B. J. McAdams, Inc. (McAdams), an interstate common motor carrier, sued American Telephone & Telegraph Company (AT&T) to recover $29,855.22 in unpaid freight charges allegedly owed McAdams by AT&T on a commercial account. AT&T counterclaimed for negligence and breach of contract. We reverse the dismissal of the complaint for lack of subject matter jurisdiction.

A Chapter 7 petition for involuntary bankruptcy had been filed against McAdams in federal bankruptcy court. Dowden was appointed as trustee to replace the trustee initially named. Professional Truck Auditing, Inc. (PTA) was employed as the trustee's collection agent for receivables of the estate. MNC Commercial (MNC) claimed a security interest in the McAdams' accounts receivable. The bankruptcy court modified an automatic stay, authorizing MNC to collect the accounts receivable and apply those proceeds to the payment of the debt owed to MNC by the debtor. The receivables included the unpaid freight charges.

Thereafter, MNC, PTA and the original trustee entered into an initial agreement, approved by the bankruptcy court, in which PTA

would collect the accounts receivable on behalf of MNC and the trustee. It provided that, "MNC and Trustee, to the extent of his interest . . . assign and convey to PTA all accounts receivable of McAdams. . . ." PTA was authorized to file suit in the name of the debtor, the trustee, or its own name to collect the accounts. PTA would receive 45 percent from the collection of any accounts and MNC would receive 55 percent. Only funds received by MNC would be applied to the debt; the agreement would terminate if the debt to MNC was paid in full.

Later, MNC, PTA and Dowden, the present trustee, entered into a second agreement, also approved by the bankruptcy court, in which the accounts were not assigned to PTA. Instead, it provided that "[t]rustee hereby employs PTA as its agent to collect all accounts receivable of McAdams." Unlike the first agreement, this one provided compensation to the trustee of two percent of the net balance of accounts collected.

The present complaint was filed against AT&T in the State Court of Fulton County under 49 USC § 10761 (a), which governs regulation of tariffs. The freight charges allegedly due arise from the accounts receivable that were the subject of the two agreements between the trustee, MNC and PTA.

AT&T moved for dismissal of the complaint on the basis that the trial court was divested of subject matter jurisdiction under 28 USC § 1359, which provides: "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

In its dismissal order, the trial court recognized that an action for collection of freight charges on interstate shipments of goods is governed by a three-year statute of limitation as provided by 49 USC § 11706 (a) (limitations on actions by and against common carriers). Under 11 USC § 108 (a), a trustee who steps into the shoes of the debtor is granted a two-year extension of the statute of limitation after the date of the order for relief for commencing an action by the debtor. The court found that: "MNC and the Trustee first assigned and otherwise conveyed out of the estate all of the B.J. McAdams receivables. Only when the two-year statute was about to expire was the second agreement reached, and then only in return for the trustee receiving 2% of the receivables previously conveyed outright. The Court finds this a 'brokered' transaction solely for the purpose of creating jurisdiction in this court, and as such [is] prohibited by 28 U.S.C. § 135[9]."

1. We first consider whether the original trustee maintained an interest in the accounts receivable or whether he had entered into a sale of his interest in those accounts to PTA. AT&T contends that

the first agreement completely severed the trustee's interest in the accounts receivable and his standing to sue. The trustee asserts that the original trustee did not completely divest himself or the estate of the receivables. He argues that the original trustee represented the residuary interest of the debtor, and since MNC could obtain only the amount required to satisfy the estate's debt to it, the trustee retained an interest in the receivables of the estate. If the trustee retained an interest in the receivables under the original agreement, the present trustee is entitled to a two-year extension of the limitation period under 11 USC § 108 (a) (2), and the collusive joinder provision of 28 USC § 1359 would not apply.

The trustee's interest in the property of the bankrupt estate extends only so far as the value of the claims of its secured and unsecured creditors. Any surplus is paid to the debtor. 11 USC § 726 (a) (6) (Bankruptcy Code provision governing distribution of property of the estate). Thus, if the accounts receivable in question generated sufficient proceeds to satisfy McAdams' debt to MNC, the estate would receive any overage. In addition, the agreement by its terms would come to an end and the trustee would assume control of the accounts receivable. This is confirmed by the bankruptcy court's "order approving [the first] agreement for collection of receivables" in which the rationale for the agreement with PTA is explained: "MNC and Trustee have reached an agreement with [PTA], a company engaged in the business of collecting unpaid or underpaid receivables for companies engaged in the commercial trucking and shipping business. The employment of [PTA] is the best and most economical method of locating the balance due receivables for the purpose of collecting and applying the proceeds to the debt owed MNC by the debtor."

It is apparent from the bankruptcy court's subsequent "order approving [the second] agreement for collection of receivables" that the modified agreement was necessitated to satisfy an objection filed by another unsecured creditor. Moreover, *Coliseum Cartage Co. v. Rubbermaid Statesville*, 975 F2d 1022 (3) (4th Cir. 1992), provides authority for a conclusion that the bankruptcy court's approval of the second agreement was res judicata and not subject to collateral attack.

We do not construe the first agreement as a sale of the accounts receivable such that legal title passed to PTA, but rather as an assignment for purposes of collection for the benefit of the creditors. Accord *Bankruptcy Estate of B.J. McAdams v. Ralston Purina Co.*, 154 B.R. 809 (N.D. Ga. 1993). This intention of the parties is further evidenced by the provision contemplating that suit for collection of the debt may be brought in the name of the trustee or the debtor, as such would not be authorized if the assignment constituted a sale of the assets. See generally *Sullivan v. Curling*, 149 Ga. 96 (2) (99 SE 533)

(1919). Accordingly, the trustee was authorized under 11 USC § 108 to obtain a two-year extension in which to commence the present action.

28 USC § 1359 being inapplicable, we do not reach the trustee's argument that the provision is a federal procedural statute which applies only to the jurisdiction of federal courts. Nor need we consider whether the trial court erroneously failed to consider certain affidavit testimony in opposition to AT&T's motion.

2. AT&T has asserted that the original plaintiff, designated "the Bankruptcy Estate of B.J. McAdams, Inc.," lacked standing to bring suit. It cites decisions of various other jurisdictions considering suits brought by McAdams' bankruptcy estate to recover freight undercharges against other companies. *Bankruptcy Estate of B.J. McAdams v. Ralston Purina Co.*, supra; *Bankruptcy Estate of B.J. McAdams v. Berlin Packaging Co.*, Case No. 92-C-248B (C.D. Ut. 1993); *Bankruptcy Estate of B.J. McAdams v. Intl. Paper Co.*, H-92-921 (S.D. Tx. 1992); *Bankruptcy Estate of B.J. McAdams v. Shieldalloy Metallurgical Corp.*, Case No. 92-1575 (N.J. 1993); *Bankruptcy Estate of B.J. McAdams v. Gray & Co.*, Case No 92-354-JU (Or. 1992).

An amendment to the complaint redesignated plaintiff as "Dowden, trustee for the Bankruptcy Estate of McAdams." OCGA § 9-11-15 (a) provides: "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." Where, as here, "no pretrial order was issued and . . . appellant's amendment was filed and served prior to the commencement of trial, the amendment [is] permitted as a matter of right." *Jackson v. Paces Ferry Dodge*, 183 Ga. App. 502, 503 (359 SE2d 412) (1987). Accord *Nelson v. Zant*, 261 Ga. 358, 359 (2) (405 SE2d 250) (1991). Leave of court was not required. The trustee was properly designated as plaintiff in the amended complaint and has standing to pursue the claim.

*Judgment reversed. Cooper and Smith, JJ., concur.*

DECIDED NOVEMBER 22, 1993.

*Arthur B. Seymour*, for appellant.
*Mitchell & Hersh, Bruce E. Mitchell*, for appellee.