## 44017.   MALLORY v. ERICKSON.

SUBMITTED OCTOBER 8, 1968—DECIDED NOVEMBER 27, 1968—
REHEARING DENIED DECEMBER 17, 1968.

*Claude E. Hambrick*, for appellant.

*Dunaway, Shelfer, Haas & Newberry, George A. Haas*, for appellee.

QUILLIAN, Judge. ■ The basis of the motion notwithstanding the verdict was that the contract sued upon was too vague, uncertain and indefinite to be enforceable.

The defendant first contends that the contract was indefinite as to what services were intended to be performed by the plaintiff. While the contract may have been too indefinite in regard to the intent of the parties as to the character of services the plaintiff was to render, there was evidence admitted without objection which showed that both parties knew the nature of the services the plaintiff was expected to perform. The plaintiff testified that the defendant hired her as a lyric soprano and that she complained that she could not sing low and that the material she was to sing under the contract was low; that she was quite dubious of being in the show and the defendant assured her that it was all right. This together with other testimony was sufficient to make certain any uncertainty which may have existed in the contract as to the type services to be performed thereunder. *Hanson v. Stern*, 102 Ga. App. 341, 345 (116 SE2d 237); *Tarbutton v. Duggan*, 45 Ga. App. 31 (4) (163 SE 298).

■ The defendant also contends that the contract was too vague as to the location of the place or places where the plain-

tiff was to perform the services specified in the contract. The contract provided that plaintiff would perform as a member of "a traveling road company appearing in various cities throughout the country." A contract of employment must specify boundaries within which the personal services are to be rendered. 35 AmJur 454, Master and Servant, § 16. The test as to whether the contract is sufficiently definite as to the place where the services are to be performed will vary with the circumstances of each type contract. 17A CJS 357, Contracts, § 357.

Under the circumstances of the present case, where the services in question were to be as a member of a traveling road company, it would be most difficult to make the contract exact as to various places the road company might travel. The contract specified the boundaries to be within the country and thus was not too indefinite to be enforceable.

■ The defendant contends that the verdict was for 50 percent of the sum sued for under the alleged express contract and was therefore erroneous because it was based upon quantum meruit. This issue is not properly before the court because it was not a ground of the motion for a judgment notwithstanding the verdict the ruling on which is the only question raised by this appeal.

The trial judge erred in granting the defendant's motion for judgment notwithstanding the verdict.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*