44948, 44949.   VEZZANI v. TALLANT et al. (two cases).

JORDAN, Presiding Judge.   Fred C. Tallant, Sr., and Dr. M. H. Mason sought to recover the alleged unpaid balance due, plus interest and attorney's fees, on a note executed by Eugene Douglas Vezzani and others.   The trial court, sitting without a jury, found for the plaintiffs, and the defendant Vezzani appeals from the order overruling his motion for a new trial and a subsequent order requiring him to post a supersedeas bond.   *Held:*

1. In Case No. 44948 it is contended that the court erred in eliminating the defense of usury.   In his pre-trial order of April 28, 1969, the court stated: "The defendant, Eugene Douglas Vezzani, has filed a "Plea of Usury" herein, and the same has been twice amended, most recently on September 19, 1967.   The twice amended answer of the defendant Vezzani also contains certain allegations of usury.   With regard to them collectively, it is hereby ordered that they be deemed incorporated into the answer of the defendant Vezzani, the practice of special pleading having been abolished by the enactment of the Georgia Civil Practice Act. "The allegations regarding usury by the defendant Vezzani . . . [are to the effect that] a prior promissory note executed by the defendant in favor of the plaintiffs was infected with usury, to wit: by the alleged exaction from the borrowers of $4,000 paid as an alleged brokerage fee to Atlanta Seals, Inc.   The defendant Vezzani also contends that Atlanta

Seals, Inc. is a corporation controlled by the plaintiff Tallant who is holding . . . stock in said corporation for his two minor children; the Atlanta Seals, Inc. performed no brokerage and that the foregoing alleged acts were done to . . . [circumvent] the usury laws of the State. Taken and construed most favorably to the defendant Vezzani the allegations regarding alleged usury do not amount as a matter of law to usury as denounced by Georgia Code § 57-101. Accordingly it is hereby ordered that the defense of the defendant Vezzani regarding usury be stricken from the pleadings and not considered at the trial."

Usury is defined as "the reserving and taking, or contracting to reserve and take, either directly or by indirection, a greater sum for the use of money that the lawful interest." *Code* § 57-102. But, except as modified by § 3 of the Act of March 8, 1957 (Ga. L. 1957, pp. 331, 334; *Code Ann.* § 25-324) for transactions of $2,500 or less and not here applicable, a "loan is not rendered usurious by money paid or agreed to be paid others by the borrower in order to obtain the loan." *Code Ann.* § 57-104.

Viewing the allegations in the light of *Code Ann.* § 57-104, the $4,000 fee is not shown to be a charge paid by the borrowers directly or indirectly to the lenders so as to render the transaction usurious. Instead, it affirmatively appears that the fee was paid to a separate legal entity, and there is nothing further to show that either of the lenders, in their own right, directly or indirectly received any part of the fee, so that it could be included as a part of the interest charged so as to exceed the lawful rate.

The trial court did not err in eliminating the defense of usury.

2. The remaining contentions of the defendant Vezzani in Case No. 44948 are without merit. The evidence supports the judgment as amended and the court did not err in overruling the motion for a new trial.

3. The judgment of the court on June 10, 1969, as subsequently amended on August 15, 1969, is for $20,631.67 principal and $3,094.76 attorney's fees, plus unstated court costs. The order on a supersedeas bond, dated October 1, 1969, requires that the defendant Vezzani post bond, "in the amount of $23,763.43 within ten (10) days from this hearing." In this respect the plaintiffs point out that the bond is equal to the judgment and requires no surety thereon. The record fails

to disclose that any surety was required. Thus, the obligation imposed by the requirement for a supersedeas bond added nothing in substance to the obligation imposed by the judgment. Accordingly, the appeal in Case No. 44949, based on the action of the trial court requiring a supersedeas bond and related actions, fails to disclose any error harmful to the defendant Vezzani and is therefore without merit.

*Judgments affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED JANUARY 8, 1970—DECIDED JANUARY 28, 1970.

*James M. McDaniel,* for appellant.

*Candler, Cox, McClain & Andrews, A. Orville Bracey, III, Arthur Gregory,* for appellees.