46989.   THOMPSON v. FROST et al.

ARGUED MARCH 9, 1972—DECIDED MARCH 17, 1972.

*Anderson & Trapnell, L. C. Anderson, Neville & Neville,
William J. Neville,* for appellant.

*Williams, Smith, Shepherd & Gray, Sidney B. Shepherd,*
for appellees.

DEEN, Judge. ■ Demurrers filed prior to the effective
date of the Civil Practice Act will be passed on as motions
to dismiss for failure to state a claim. *Banks v. Champion,*
118 Ga. App. 79 (1) (162 SE2d 824); *Dean v. Gainesville
Stone Co.,* 118 Ga. App. 142 (5) (162 SE2d 858). The peti-
tion will not be dismissed unless the averments disclose
with certainty that the plaintiff would not be entitled to
relief under any state of facts that could be proved in sup-
port of the claim. *Harper v. DeFreitas,* 117 Ga. App. 236 (1)
(160 SE2d 260). Demurrers 1, 2 and 4 are therefore equiva-
lent to motions to dismiss under *Code Ann.* § 81A-112 (b)
(6), and the remaining special demurrers go to matters of
form no longer necessary under present pleading require-
ments.

■ Was there a performance of the contract as described
by the plaintiffs' petition sufficient to remove it from the
plea of the Statute of Frauds under *Code* § 20-402 (3)? The
partnership sets up as its sole obligations: (1) accepting a
deed to one half the land purchased by Thompson; (2) fund-
ing and building a service station thereon; (3) turning it
over to the defendant to operate; (4) deeding it back after
full performance. All of these things except the last were
done. The defendant's obligations were to (1) make the ini-
tial purchase; (2) deed the corner lot to the plaintiffs; (3)
move his business on to the lot retained by him; (4) operate
the plaintiff's business; (5) pay the mortgage notes as they

came due; (6) execute and pay a note on any construction balance over $45,000. The first three operations were performed; the fifth and sixth were not. There was accordingly almost full compliance by the plaintiffs and a substantial compliance by the defendant. The petition stated a claim and the contract was not within the Statute of Frauds. *Hudson v. Carmichael,* 181 Ga. 317 (4) (181 SE 853); *Mabrose v. Ambrose,* 94 Ga. 655 (19 SE 980); *Baxley Hardware Co. v. Morris,* 165 Ga. 359 (140 SE 869); *Armstrong v. Reynolds,* 36 Ga. App. 594 (1) (137 SE 637).

■ The evidence showed without conflict that the plaintiffs had a franchise with Phillips 66 and that the filling station was funded by money supplied by that corporation; that the defendant did purchase the land for $13,500 supplied by the plaintiffs from this source and that he retained for his own use approximately 40% less a small triangular easement, deeding the larger corner lot to the plaintiffs. The testimony of the latter generally substantiated the facts alleged in the petition. Thompson, however, testified that the house was given to him because it had to be moved; that there was never any discussion of his paying a note in excess of $45,000; that there were oral negotiations concerning the drawing up of a contract under which Thompson would run the completed service station with Phillips 66 products procured by the plaintiffs, pay off the mortgage and receive a deed back when the mortgage was paid, but that no contract was ever executed because of confusion over the cost of the building which the plaintiffs were in the process of erecting. He also testified that the plaintiffs themselves opened the station in his absence; that he did attempt to run it for a short period of time but failed to generate business, and that Hill then agreed he "might as well take it back over," which he did; that until suit was filed the plaintiffs had never asked him $6,000 for the lot he retained but that when he informed them he was not going to purchase or run the filling station Hill wanted to know how much he was going to pay for that lot and stated it should be worth $2,000 or $3,000.

Thus, the testimony as a whole would support a jury inference that there was a consummated oral contract for the purchase and division of the land which was intended to lead into a written contract for the defendant's repurchase of the filling station after the buildings were erected; that the latter contract never developed into a binding agreement because of the excess of costs over the estimates and Thompson's inability to run the station, and that there was no meeting of the minds as to the proportionate values of the respective parcels of land. The jury might therefore have found the defendant's only liability to be the smaller lot retained by him, and have placed a value on it of $3,-500, which was within the range of the evidence. The rule that one may not recover on quantum meruit, if the evidence so warrants, in a contract action no longer obtains. *Code Ann.* § 81A-115 (b) provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment . . . may be made . . . even after judgment; but failure so to amend does not affect the result of the trial of these issues." Under the identical Federal counterpart to this rule it has frequently been held that amendments may be filed to conform to the evidence even though they technically change the theory of the cause of action, and that in the absence of amendment, where no objection is interposed, the pleading will be considered to have been amended so as to uphold the verdict. Montgomery v. Moreland, 205 F2d 865; Nester v. Western Union Tel. Co., 25 FSupp. 478; Matarese v. Moore-McCormack Lines, Inc., 158 F2d 631; Fireside Marshmallow Co. v. Frank Quinlan Construction Co., 199 F2d 511. Hamill v. Maryland Cas. Co., 209 F2d 338, 340 held specifically that the plaintiff may recover upon any theory legally sustainable under the established facts, regardless of the demand in the pleadings.

The plaintiffs' failure to prove that the oral contract on which they declared included anything more than procurement of the land and an agreement to work toward an

agreement under which the defendant would repurchase the corner lot with improvements, at an unspecified price, does not preclude them from recovering a reasonable value for land paid for by them and retained by the defendant.

*Judgment affirmed. Jordan, P. J., and Clark, J., concur.*