## 48324. McTERRY v. FREE FOR ALL MISSIONARY BAPTIST CHURCH NO. 1.

BELL, Chief Judge. Plaintiff sued defendant for damages caused by breach of a written contract of employment. The case was heard by the court without a jury and at the conclusion of plaintiff's evidence, the defendant's motion for involuntary dismissal was granted. The contract, admitted in evidence, reads in material part: *"Section 1. Agreement on Salary.* The First Party does hereby agree to pay the 'Second Party' One Hundred Seventy-Five ($175) Dollars per week. All church engagements are counted as part of salary. This is a starting salary. *Section 2. Engagements.* The Second Party can not accept any outside engagements without first getting the approval of the first party, even if it is a charitable affair. *Section 3. Length of Contract.* This contract shall be a one (1) year contract with the option to terminate, if both parties mutually agree. This contract contains the entire agreement between the parties and superseded any and all other agreements, verbal or written, and the first party shall not be bound by any agreement or representative other than those contained herein." *Held:*

In a contract for the performance of services by one party in consideration of the payment of money by the other party, the nature and character of the services to be performed as well as the place of performance and the amount to be paid must be certain and definite. *Weill v. Brown,* 197 Ga. 328 (29 SE2d 54). The contract here contains no description of the nature and character of the services to be performed by plaintiff or when or where the duties are to be performed. It is so indefinite and vague that it is unenforceable. Parol evidence admitted over objection to remedy these deficiencies was obviously and correctly not considered by the judge in view of the judgment in favor of the

defendant. Parol evidence is admissible to explain an ambiguity but where the degree of indefiniteness imparts no meaning at all, there is nothing to explain. *Jones v. Ely,* 95 Ga. App. 4 (96 SE2d 536). Lastly, the provision in the contract that it contains the entire agreement of the parties and supersedes all others precludes the application of the principle that where it appears that only a part of the contract was reduced to writing, parol evidence is admissible. Code § 38-504; *Curtis v. Pierce,* 157 Ga. 717 (122 SE 208).

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED JULY 2, 1973 — DECIDED SEPTEMBER 6, 1973 — REHEARING DENIED SEPTEMBER 26, 1973.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr.,* for appellant.

*Johnson, Harper, Daniel, Ward & Stanfield, William W. Daniel, William C. Lanham,* for appellee.