### 53717. ATLANTIS REALTY COMPANY, INC. v. MORRIS et al.

MARSHALL, Judge.

The appellant, Atlantis Realty Co., Inc., appeals the bench trial judgment in favor of the appellees, Morris, Mislow and Corcoran. This suit arose out of commissions due upon an oral contract between the appellees as real estate salesmen and the appellant as the employing real estate firm. The facts show that in approximately the fall of 1963 the appellees obtained lessees for property managed by Atlantis. In accordance with an oral agreement or contract between the parties, Atlantis agreed to pay the three salesmen (appellees) 75% of the

management commission (5% of the total rental paid to the owners by the lessees) with the remaining 25% going to Atlantis. Atlantis paid these commissions from 1963 through 1973, even though Corcoran had died shortly after the inception of the agreement (his commissions being paid to his widow) and Mislow and Morris had left the employ of Atlantis in 1971 in order to establish a new real estate firm. Atlantis unilaterally changed its policy in 1973 and notified each of the appellees by mail that the commissions would be stopped the beginning of 1974. The appellees then sued for the breach of the oral contract. Atlantis enumerates six errors, which, however, may be reduced essentially to three. *Held:*

1. In its first enumeration of error, Atlantis complains that in essence the oral contract was based upon a contract of employment, terminable at will and did not provide for postemployment income. As we read the record, this was indeed the position taken by Atlantis at the trial. The appellees offered evidence that the contract arose during their term of employment, but did not rest upon a condition of employment. Atlantis tried to show that the contract required the appellees to service the premises occupied by the lessees in order to earn continuing commissions. The appellees, on the other hand, showed that the agreement contemplated only the payment of commissions so long as the tenants procured by them remained tenants of the premises. This premise carried some corroboration inasmuch as Atlantis continued to pay the appellees their earned commissions for two years after Mislow and Morris left the employment of Atlantis and for ten years after the death of Corcoran. At best, this created a question of fact for the trier of fact, in this case the trial judge. With reference to actions in a court of competent jurisdiction, tried upon the facts without a jury, it has been held consistently that, even though the findings of fact contended for by the appellant would have been authorized by the evidence presented on the trial, yet, where the facts found by the trial judge were authorized by the evidence, such findings will not be set aside. *Williams v. Mathis,* 237 Ga. 305, 306 (227 SE2d 378) (1976); *Brook Forest Enterprises, Inc. v. Paulding County,* 231 Ga. 695 (203 SE2d 860) (1974); *Balkcom v.*

*Vickers,* 220 Ga. 345 (138 SE2d 868) (1964). This enumeration is without merit.

2. In its next enumeration of error, the appellant mounts an attack upon the contract as being in violation of the Statute of Frauds. It is asserted that the contract called for performance for a period longer than a year and therefore had to be in writing; and, secondly that the contract was too vague and indefinite to be enforceable. As to the second prong of the attack, the contract is vague and unenforceable only if viewed in the light offered by the appellant. When viewed from the light of the appellees' position, the contract called for the sales persons to provide tenants for the premises to be leased, and, because of work previously performed as well as the obtaining of the lessees, the appellees were to receive 75% (25% each) of the commissions received by Atlantis as manager of the various stores in the shopping center involved. Thus, the terms of the contract called for payment for work already performed with payment to continue for just so long as the original tenants obtained by the appellees remained as tenants. There is nothing vague or indefinite about the terms of such a contract, more especially where the parties abided by the terms thereof without dispute for approximately ten years. See *Mallory v. Erickson,* 118 Ga. App. 838 (165 SE2d 913) (1968).

As to the first facet of its contention (i.e., that the contract had to be in writing to be enforceable), it was shown that the oral contract called for the obtaining of lessees for several stores in a shopping center. All lessees had been obtained (excepting one which was obtained later) by the fall of 1963. Each of these lessees was shown still to be occupying the premises. As a consideration for these successful leases, the appellant was to pay the stated percentage as commissions so long as the lessees continued to occupy the leased premises. Though there was some dispute as to who was to service the leased premises, this was resolved in favor of the appellees. Thereafter, the appellant paid the appellees their commissions for a period of ten years. Under the terms of the contract found by the trial court, there was full compliance by the appellees and a substantial, if not full,

compliance by the appellant. Under such facts, the oral contract was not within the Statute of Frauds. *Thompson v. Frost,* 125 Ga. App. 753 (2) (188 SE2d 905) (1972). See *Hudson v. Carmichael,* 181 Ga. 317 (4) (181 SE 853) (1935); *Baxley Hardware Co. v. Morris,* 165 Ga. 359 (140 SE 869) (1927); *Ambrose v. Ambrose,* 94 Ga. 655 (19 SE 980) (1894). The enumerations based upon these premises are without merit.

3. In its final enumeration of error (as consolidated), the appellant asserts that the appellees failed to establish that they were duly licensed real estate salesmen at the time of the contract or at the time of the suit. This proof, however, was waived by the appellant when throughout the pleadings, the depositions and interrogatories, and oral testimony at the trial, the appellant and the appellees referred to the facts that the appellees were hired as real estate salesmen by the appellant, and that they sold land for the appellant, syndicated property on behalf of themselves and the appellant, and obtained valid leases — all this in the capacity as real estate salesmen. Thus, there was a tacit admission and recognition by all parties that the appellees were entitled to commissions as real estate salesmen and thus an implied admission that the appellees were licensed salesmen. *White v. Watson Enterprises, Inc.,* 129 Ga. App. 203, 205 (199 SE2d 357) (1973). This enumeration likewise is without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED APRIL 6, 1977 — DECIDED MAY 31, 1977.

*Gershon, Ruden, Pindar & Olim, Jay E. Loeb,* for appellant.

*Levine, D'Alessio & Cohn, Morton P. Levine, Craig J. Rabiner,* for appellees.