## 54943. CHILDS v. LIBERTY LOAN CORPORATION OF SHOALS.

SHULMAN, Judge.

This is the second appearance in this court of this case. See *Liberty Loan Corp. of Shoals v. Childs,* 140 Ga. App. 473 (231 SE2d 352), certiorari dismissed as improvidently granted, *Childs v. Liberty Loan Corp. of Shoals,* 239 Ga. 220 (236 SE2d 373). This appeal is from the judgment on remand.

1. After the trial court received the remittitur in *Liberty Loan Corp. of Shoals v. Childs,* supra, but before the trial court entered judgment pursuant to the remittitur, appellant filed an "amendment to answer." The "amendment" asserted the defense of res judicata and was predicated on a final federal court decision granting summary judgment as to indebtedness in favor of appellant. Appellant maintains that the trial court's refusal to allow the defense constituted reversible error. We disagree.

Since we find that the proposed amendment was without merit, we need not decide whether the amendment was properly disallowed. But see *Richards & Associates, Inc. v. Studstill,* 96 Ga. App. 270 (99 SE2d 558). Although a federal court decision may under proper circumstances bar consideration of an issue, see *Krasner v. O'Dell,* 89 Ga. App. 718 (80 SE2d 852), under the cir-

cumstances of this case the defense of res judicata could not have been sustained in bar of the issue of appellant's indebtedness. The final order of the federal court was based solely on the recommendation of the special master who found that "Plaintiff [appellant Childs] shows that the . . . [issue of indebtedness] was adjudicated in the state court. [i.e., trial court decision in favor of Childs before reversal by this court.] Thus, the matter is res judicata." "This does not constitute a determination on the merits . . . and cannot serve as an estoppel." *Montgomery v. DeKalb Steel*, 144 Ga. App. 191 (1B). Thus, the refusal to allow the amendment, if it was error, could not have harmed appellant.

2. The trial court's judgment entered on the remittitur held appellant liable for prepaid finance fees charged in accordance with Code Ann. § 25-315(b). Appellant asserts that this portion of the judgment is not correct because the forfeiture provision of Code Ann. § 57-112 includes this component of the finance charge as interest. We agree.

The loan in this case invoked the forfeiture provisions of Code Ann. § 57-112. See *Liberty Loan Corp. of Shoals v. Childs,* Division 2. Under Code Ann. § 57-112 "[O]ne who lends at a usurious rate forfeits . . . the interest and other charges for making the loan. . ." *Service Loan &c. Corp. v. McDaniel,* 115 Ga. App. 548 (3) (154 SE2d 823). Since ". . . it affirmatively appears that the fee was [not] paid to a separate legal entity . . . [and that the lender in its own right] . . . directly . . . received [this] fee, . . . [it is] included as a part of the interest charged. . ." *Vezzani v. Tallant,* 121 Ga. App. 67 (1) (172 SE2d 858). The finance charge for making the loan, therefore, is subject to the provisions of Code Ann. § 57-112 which require that "the entire interest" be forfeited. The court erred in not excluding these fees from the award.

3. Appellant contends that the trial court erred in awarding appellee attorney fees because of appellee's alleged failure to comply with Code Ann. § 20-506. It was incumbent on appellant to challenge any deficiencies in the letter on the trial level. Appellant's failure to do so precludes consideration of this issue. *McCall v. Walter,* 71 Ga. 287 (3). See Judge Eberhardt's dissenting opinion in

*Lawrimore v. Sun Fin. Co.,* 131 Ga. App. 96, 103 (205 SE2d 110). The trial court's order awarding attorney fees must be adjusted, however, to reflect the reduced amount owing to appellee. (See Division 2.)

*Judgment affirmed with direction that prepaid finance charges be deducted from the amount of indebtedness and that attorney fees be adjusted accordingly. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 16, 1978 — DECIDED FEBRUARY 7, 1978.

*Joseph H. King, Jr.,* for appellant.
*John A. Clark, Leslie P. George,* for appellee.