## 69511. NEWS-PRESS PUBLISHING COMPANY, INC. v. KALLE.
(326 SE2d 582)

BIRDSONG, Presiding Judge.

This was a suit for domestication of a Florida money judgment based on an advertising contract. In the Georgia suit, the appellant added a count for the appellee's liability on the advertising contract. The trial judge involuntarily dismissed the count for domestication, based upon bad service, and granted appellee's motion to strike the count for liability on the contract, based upon a finding of non-liability as a matter of law. News-Press Publishing Company appeals. *Held*:

1. The trial court did not err in dismissing the count for domestication of the Florida judgment. The trial court made a finding of fact that the deputy sheriff did not personally serve the Florida lawsuit upon the appellee Kalle but served a secretary in Kalle's office after the secretary spoke to someone on the telephone and then told the deputy she was authorized to accept service. OCGA § 9-11-4 (d) (7) provides for service in this instance "by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." Service on a non-agent in Mr. Kalle's office is not good service. *Collins v. Peacock*, 147 Ga. App. 424, 426 (249 SE2d 142). As to whether this secretary was an authorized agent, the trial court did not err in finding that she was not. " ' "Service of process on merely an apparent agent is not sufficient. It must be made on an actual agent." [Cit.]' *Southeastern Fidelity Ins. Co. [v. Heard]*, 123 Ga. App. [635, 638 (182 SE2d 153)]." " ' "The bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship; but when made by an outsider, bare assertions or denials are merely conclusions of law. [Cits.] The affidavit . . . denying the existence of agency must be received as evidence of a fact, which cannot be overcome by conclusionary affidavits . . ." [Cit.]' *Aetna Cas &c. Co. v. Malcom*, 149 Ga. App. 754, 755 (256 SE2d 117)." *Thaxton v. Ga. Insurer's Insolvency Pool*, 158 Ga. App. 407, 408 (280 SE2d 421). What we have in this case is the hearsay of the process server, evidenced by actions of another from which he inferred that the other was agent for Kalle. See *Aetna Cas. &c. Co.*, supra. Kalle, by affidavit in the record, denies the existence of any such agency relationship; as to the question of agency, without factual evidence of contravention, his word is conclusive. The trial court properly entered an involuntary dismissal of the domestication count and refused to give full faith and credit to a void judgment of a court without jurisdiction. *Collins*, supra, p. 428.

2. However, we conclude the trial court erred in striking appellant's count for liability of Kalle on the contract. The advertising contract is drawn between Ray Motels d/b/a Jarrod's and The News-

Press Publishing Company, and is accepted by "/s/ Don R. Kalle Title /s/ Exec. V. P. and individually." In granting the motion to strike, the trial court held that the contract "shows on its face, when construed as a matter of law, that the agreement was between Fort Myers News-Press and Ray Motels Corporation and that defendant Don R. Kalle was not individually obligated on said contract."

The oral motion to strike was couched as a motion to strike, for judgment on the pleadings, or for summary judgment, and was construed as a motion to strike, presumably under OCGA § 9-11-12 (f). A motion to strike an allegation in a complaint has been held to be analogous to a motion to dismiss for failure to state a claim (*Jillson v. Barton*, 139 Ga. App. 767, 769 (229 SE2d 476)). A motion to dismiss for failure to state a claim is not to be granted unless under the pleadings, construed in a light most favorable to the plaintiffs (*Massey v. Perkerson*, 129 Ga. App. 895 (201 SE2d 830)), plaintiff can establish no set of facts that would entitle it to relief against the defendant. *Atlanta Assoc. v. Westminster Properties*, 242 Ga. 462 (249 SE2d 252); *Moultrie v. Atlanta Federal Savings &c. Assn.*, 148 Ga. App. 650 (252 SE2d 77); *Harrell v. Monroe County*, 147 Ga. App. 685 (250 SE2d 20); *Christner v. Eason*, 146 Ga. App. 139 (245 SE2d 489).

We are unable to disregard the fact that Kalle accepted the advertising contract as executive vice president "and individually," and can give no possible meaning to those words other than as relates to liability. It may be that under the circumstances of the case the jury or trial court can determine that no liability was intended to attach to Kalle, but this is not a proper function of a motion to strike (or motion to dismiss) where the pleadings, including the contract, are construed in favor of the plaintiff and all doubts resolved in its favor. *Goolsby v. Regents of Univ. System*, 141 Ga. App. 605 (234 SE2d 165). On this count, the trial court erred.

*Judgment affirmed in part and reversed in part. Carley and Beasley, JJ., concur.*

DECIDED JANUARY 31, 1985.

*Louis K. Polonsky*, for appellant.
*Kirk W. Watkins, R. Wayne Bond*, for appellee.