73808. WEHUNT v. ITT BUSINESS COMMUNICATIONS
CORPORATION et al.
(359 SE2d 383)

BEASLEY, Judge.

Defendant Wehunt appeals from a jury verdict for ITT in a suit to enforce the damages clause of a contract for lease of a phone system, after the lease was terminated before expiration.

1. Defendant's enumerations 1, 2, & 5 deal with the court's denial of his motion for directed verdict and judgment notwithstanding the verdict or in the alternative for new trial. Defendant contends that it was error for the court to deny the first two forms of relief because, as a matter of law, the contract was vague and indefinite and had been mutually rescinded. The motion for directed verdict included neither of these grounds, which for that reason cannot then be raised on appeal. *Grabowski v. Radiology Assoc.,* 181 Ga. App. 298, 299 (2) (352 SE2d 185) (1987); *Fidelity & Cas. Ins. Co. v. Massey,* 162 Ga. App. 249, 250 (1) (291 SE2d 97) (1982). The ground asserted in paragraph four of defendant's motion for judgment n.o.v. in the trial court is argued on appeal, but it was not contained in the motion for directed verdict as required by OCGA § 9-11-50 (b). Therefore, it will

not be considered on appeal. *Battle v. Yancey Bros.*, 157 Ga. App. 277 (1a) (277 SE2d 280) (1981).

The motion for new trial was abandoned before the trial court, so there is nothing before us to review in that regard.

2. Defendant's answer included the defense of failure to state a claim upon which relief could be granted. OCGA § 9-11-12 (b) (6). On the day of trial, defendant orally moved to dismiss the complaint on this ground. Denial of the motion is claimed as error.

The basis for the defense, according to the argument made at the hearing, was that the contract clause for unaccrued rental payments under which ITT sought to recover a sum in lieu of the remaining, future rental payments on the lease was not one providing for liquidated damages, as claimed by ITT, but was instead a penalty prohibited by law. See *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227 (227 SE2d 340) (1976).

A motion to dismiss for failure to state a claim is not to be granted unless under the pleadings, construed in a light most favorable to the plaintiff, plaintiff can establish no set of facts that would entitle it to relief against the defendant. *Thompson v. Frost*, 125 Ga. App. 753, 755 (1) (188 SE2d 905) (1972); see *News-Press Pub. Co. v. Kalle*, 173 Ga. App. 411, 412 (2) (326 SE2d 582) (1985).

The pleadings reveal a claim pursuant to a clause in an equipment lease for damages which plaintiff contends are liquidated. The clause provides that, upon default of the customer, all past due rental payments will be due and, "In addition, because the parties have agreed that Terryphone's actual damages in the event of default by Customer would be difficult, if not impossible, to calculate, Customer agrees to pay . . . a termination charge equal to fifty percent (50%) of the remaining rental obligation pursuant to this agreement. For purposes of this paragraph, the remaining rental obligation will be calculated by multiplying the monthly rental payment in effect at the time default is declared by the number of months remaining in the term of this agreement or any renewal thereof. . . ."

The complaint reflected a total sum claimed as due, although neither the pleadings nor the lease attached to the complaint reveal either the date of default or the number of remaining months on the lease. These two straightforward facts are capable of proof. Liquidated damages are claimed from the date that ITT declared the lease in default for non-payment and terminated it.

Liquidated damages are allowed in Georgia. OCGA § 13-6-7. For a clause to comply with that section, three conditions must be met: 1) injury caused by the breach must be difficult or impossible of estimation, 2) the parties must intend to provide for damages, and 3) the sum stipulated must be a reasonable pre-estimate of the probable loss. *Southeastern Land Fund*, supra; *Fortune Bridge Co. v. Dept. of*

*Transp.*, 242 Ga. 531 (250 SE2d 401) (1978).

There is no error because on the face of the pleadings, there is no basis for the court to have decided that plaintiff could establish no set of facts under which it could recover. A clause similar to the one at issue had previously been upheld by this court. *Military Armament Corp. v. ITT Terryphone Corp.*, 134 Ga. App. 694 (215 SE2d 724) (1975).

Since the ground relied on in support of the motion to dismiss was not included in the motion for directed verdict or for judgment n.o.v., there is nothing further to review in this regard.

3. Defendant urges error in the trial court's asking questions of witnesses and making statements to the jury concerning the damages computation. See OCGA § 9-10-7. While there was a formula set out in the lease for computing damages, there was some confusion during trial as to the total claimed, because the contract price was somewhat different from that claimed in the complaint. The court sought to identify the exact amount of damages claimed so as to inform the jury as to the precise issue it had to decide in this regard. It also answered a question from the jury as to what the exact amount stated was.

No objection or motion for mistrial was made with regard to any of these instances. In the absence of an objection or motion for mistrial, an appellant cannot complain on appeal that he was prejudiced by such conduct. *Walker v. Bishop*, 169 Ga. App. 236, 242 (9) (312 SE2d 349) (1983); *Ellis v. Cameron & Barkley Co.*, 171 Ga. App. 211, 212 (4) (319 SE2d 38) (1984).

4. In the final enumeration, defendant contends that the trial court's granting of a supersedeas bond based upon a motion for same filed before the notice of appeal was filed was error. The plaintiff's motion for supersedeas bond under OCGA § 5-6-46 was filed on March 25, before the notice of appeal was filed on August 11. The court did not rule on the motion until August 19. We fail to see how this ruling was untimely or how it adversely affected defendant. The bond required was $8,000; judgment was $6,362.20, plus $954.33 attorney fees, plus 12% interest. Had the motion been filed "timely," using defendant's definition of same, the court would have been required to set a bond of this general amount. OCGA § 5-6-46; *Allied Productions v. Peterson*, 233 Ga. 266, 268 (211 SE2d 123) (1974). The efficacy accorded to the motion by the court after the notice of appeal was filed, without requiring a new or renewed identical motion, was not reversible error.

It is axiomatic that the party seeking reversal must not only show error, but also injury arising from the alleged error. *Ga. Power Co. v. Bishop*, 162 Ga. App. 122, 126 (6) (290 SE2d 328) (1982). Even assuming error, we find no harm. *Vezzani v. Tallant*, 121 Ga. App. 67, 68 (172 SE2d 858) (1970).

*Judgment affirmed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED JUNE 19, 1987 —
REHEARING DENIED JULY 7, 1987.

*Barbara S. McClellan*, for appellant.
*Teresa M. Wright, Therese G. Frazen*, for appellees.