A89A0630. W. M. GRIFFIN FAMILY FARMS, INC.
v. NORTHRUP KING & COMPANY et al.
(381 SE2d 441)

McMurray, Presiding Judge.

Plaintiff W. M. Griffin Family Farms, Inc., filed this action against several businesses for damages arising from its purchase and

use of allegedly inferior quality cottonseed. Allegations regarding defendant Coastal Plains Farmers Cooperative, Inc. ("Coastal Plains") were contained in two of the eleven counts of plaintiff's original complaint. Count 3 of plaintiff's original complaint sought damages from Coastal Plains and other defendants for breach of statutory warranties under the Georgia Seed Law, OCGA § 2-11-20 et seq. In Count 11 of the original complaint plaintiff alleged that Coastal Plains and other defendants negligently inspected and tested or failed to inspect or test the cottonseed sold to plaintiff.

On October 20, 1988, a pre-trial conference was held. At this conference, plaintiff announced its intent to withdraw and abandon several counts of its complaint asserting negligence claims, including Count 11. Subsequent to the conference, on October 25, 1988, Coastal Plains filed a brief in which it contends Count 3 of plaintiff's complaint asserted a claim based on negligence per se and thus was also among those withdrawn at the conference. In its brief, Coastal Plains also argues that plaintiff's action against it should be dismissed for failure to state a claim upon which relief can be granted. While it is not clear from the conference transcript that Coastal Plains' assertion that Count 3 had been withdrawn and abandoned is correct, we will assume so for the purposes of this opinion.

During the pre-trial conference the superior court ruled that the issues were "jelled," and that no additional claims could be asserted. However, no pre-trial order has been signed in the case sub judice.

On October 25, 1988, plaintiff filed its amended complaint which asserted several new claims against Coastal Plains. The following day, October 26, 1988, the superior court's order dated October 24, 1988, and dismissing plaintiff's complaint as to Coastal Plains was filed. Thereafter, we granted plaintiff's application for interlocutory appeal to review the superior court's dismissal of plaintiff's action against Coastal Plains. *Held*:

The superior court lacked authority to close the pleading prior to the entry of a signed pre-trial order. OCGA § 9-11-15 (a) allows amendment as a matter of right before entry of a pre-trial order or prior to the commencement of trial. *Jackson v. Paces Ferry Dodge*, 183 Ga. App. 502, 503 (1) (359 SE2d 412). Thus, in reviewing the superior court's dismissal of plaintiff's action against Coastal Plains we consider the issues raised by plaintiff's amended complaint.

"A motion to dismiss for failure to state a claim is not to be granted unless under the pleadings, construed in a light most favorable to the plaintiff, plaintiff can establish no set of facts that would entitle it to relief against the defendant. *Thompson v. Frost*, 125 Ga. App. 753, 755 (1) (188 SE2d 905) (1972); see *News-Press Pub. Co. v. Kalle*, 173 Ga. App. 411, 412 (2) (326 SE2d 582) (1985)." *Wehunt v. ITT Business Communications Corp.*, 183 Ga. App. 560,

561 (2) (359 SE2d 383). Considering plaintiff's amended complaint in the light of this test, dismissal of plaintiff's action against Coastal Plains was clearly error.

We do not find the case sub judice to be affected by the decision in *Jones v. Burton*, 238 Ga. 394 (233 SE2d 367), which held that "once a judgment in a civil case has been announced though not formally entered, the attempted filing of a voluntary dismissal thereafter is not permissible and does not effect a dismissal." Id at 395. In the case sub judice, there was no indication of an announcement of the superior court's intended ruling or of any knowledge by plaintiff of the court's decision prior to the filing of the dismissal order on October 26, 1988. The *Jones* rationale is not applicable under the facts and circumstances of the case sub judice. *Johnson v. Wade*, 184 Ga. App. 675, 676 (1) (362 SE2d 469).

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 11, 1989.

*A. D. Denton*, for appellant.
*Alexander & Vann, Frank T. Holt, Young, Young & Clyatt, James B. Thagard, F. Thomas Young*, for appellees.