## A91A1641. CONKLIN v. ZANT et al.
### (413 SE2d 536)

McMURRAY, Presiding Judge.

This is the second appearance of this inmate civil action before this Court. In *Conklin v. Zant*, 198 Ga. App. 543 (402 SE2d 319), this Court reversed a denial of filing of plaintiff Conklin's complaint under OCGA § 9-15-2 (d). Upon remand to the superior court, plaintiff's complaint was filed and then dismissed on defendant's motion. Plaintiff now appeals the dismissal of his complaint. *Held*:

" 'A motion to dismiss for failure to state a claim is not to be granted unless under the pleadings, construed in a light most favorable to the plaintiff, plaintiff can establish no set of facts that would entitle it to relief against the defendant. *Thompson v. Frost*, 125 Ga. App. 753, 755 (1) (188 SE2d 905) (1972); see *News-Press Pub. Co. v. Kalle*, 173 Ga. App. 411, 412 (2) (326 SE2d 582) (1985).' *Wehunt v. ITT Business Communications Corp.*, 183 Ga. App. 560, 561 (2) (359 SE2d 383)." *W. M. Griffin &c. Farms v. Northrup King & Co.*, 191 Ga. App. 304, 305 (381 SE2d 441).

Plaintiff received a disciplinary report for the destruction of state property and was found guilty of the offense after a disciplinary hearing and was fined $59.25, which amount was seized from his inmate account. The three counts of plaintiff's complaint, stating claims under civil "Georgia RICO (Racketeer Influenced and Corrupt Organizations)" conversion, and violation of Department of Corrections' regulations and the due process clause of the Fourteenth Amendment of the United States Constitution, are all predicated on the hypothesis that it was improper for defendants to levy a fine against plaintiff and seize his inmate account. It is uncontroverted that neither the laws of Georgia nor the Rules and Regulations of the Department of Corrections authorize a prison disciplinary proceeding to impose monetary sanctions. However, the superior court concluded that defendants' actions in seizing plaintiff's funds were authorized by OCGA § 17-14-13.

OCGA § 17-14-1 et seq. was enacted to implement the public policy that "restitution to their victims by those found guilty of crimes is a primary concern of the criminal justice system." OCGA § 17-14-1. Nonetheless, while a court of competent jurisdiction, the State Board of Pardons and Parole, or the Department of Corrections may order that an adult offender make restitution, such order of restitution may be entered only "as a condition of any *relief* ordered. . . ." (Emphasis supplied.) OCGA § 17-14-3. " 'Relief' means any suspended or probated sentence, including probation imposed under Article 3 of Chapter 8 of Title 42; any parole or other conditional release from incarceration; the awarding of earned time allowances; reduction in security status; or placement in prison rehabilitation programs, in-

cluding, but not limited to, those in which the offender receives monetary compensation." OCGA § 17-14-2 (6). The statutory scheme does not contain any provision for an unconditional order to make restitution. Thus, the offender or inmate may avoid an order to make restitution by declining the relief upon which the restitution order is conditioned.

It follows that before OCGA § 17-14-13 becomes operative, there must be a restitution order which is a condition of any relief ordered and the relief must have been accepted by the offender or inmate. The pleadings are in conflict on the issue of whether these prerequisites were satisfied, defendants having denied plaintiff's allegation incorporating by reference a disciplinary report unconditionally requiring plaintiff to pay "restitution" of $59.25. The resolution of this issue is a matter of evidence and proof.

There are conceivable facts upon the proof of which plaintiff could recover. Thus, there was no basis for the superior court to have decided that plaintiff could establish no set of facts under which he could recover. The superior court erred in granting defendant's motion to dismiss plaintiff's complaint and in awarding attorney fees to defendants. *W. M. Griffin &c. Farms v. Northrup King & Co.*, 191 Ga. App. 304, 305, supra.

Insofar as the superior court may be viewed as having implicitly denied plaintiff's motion for judgment on the pleadings, we find no error. "The granting of a motion for judgment on the pleadings under [OCGA § 9-11-12 (c)] is proper only where there is a complete failure to state a cause of action or defense. 'For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false.' [Cits.]" *Pressley v. Maxwell*, 242 Ga. 360 (249 SE2d 49). See also *Bacon v. Liberty Mut. Ins. Co.*, 198 Ga. App. 436 (401 SE2d 625).

*Judgment affirmed in part and reversed in part. Sognier, C. J., and Andrews, J., concur.*

DECIDED DECEMBER 5, 1991.

Robert Conklin, *pro se.*

*Michael J. Bowers, Attorney General, Daryl A. Robinson, John C. Jones, Senior Assistant Attorneys General, William F. Amideo, Assistant Attorney General*, for appellee.