## A93A1241. GRAM CORPORATION v. WILKINSON.
(437 SE2d 341)

JOHNSON, Judge.

The Gram Corporation entered into a written contract to employ M. J. Wilkinson as its office manager for ten years at a salary of $6,011 per month.[1] Wilkinson filed this lawsuit against Gram, alleging that it breached the contract by prematurely terminating her employment. Gram answered that it did not terminate Wilkinson's employment and that she breached the contract by refusing to continue her employment when Gram relocated its corporate office from Georgia to Florida. The jury returned a verdict of $71,246 in favor of Wilkinson. Gram appeals from the trial court's entry of judgment on the verdict and the denial of its motion for a directed verdict and motion for j.n.o.v. or, in the alternative, a new trial.

1. Gram contends that the contract is unenforceable because it is too vague and indefinite regarding the type of services and place of performance. See *McTerry v. Free For All Missionary Baptist Church No. 1*, 129 Ga. App. 724 (200 SE2d 915) (1973). Gram makes no real argument that the parties did not understand these terms of the contract. Instead, it construes the contract as so indefinite that the court should not have considered parol evidence in interpreting it.

At the outset, we note that because Gram's attorney drafted the contract, any ambiguity will be construed most strongly against Gram. *Considine Co. of Ga. v. Turner Communications Corp.*, 155 Ga. App. 911, 914-915 (5) (273 SE2d 652) (1980); *Oak Creek Dev. Corp. v. Hartline-Thomas, Inc.*, 138 Ga. App. 83, 85 (1) (a) (225 SE2d 515) (1976). "There are three steps in the process of contract construction. The trial court must first decide whether the contract language is ambiguous; if it is ambiguous, the trial court must then apply the applicable rules of construction (OCGA § 13-2-2); if after doing

---

[1] The contract was initially entered into by Wilkinson and The Dee Rivers Group, Inc., which, pursuant to paragraph nine of the contract, assigned it to the Gram Corporation. Both Dee Rivers and Gram are owned by members of the same family.

so the trial court determines that an ambiguity still remains, the jury must then resolve the ambiguity." (Citations and punctuation omitted.) *Derosa v. Shiah*, 205 Ga. App. 106, 107 (1) (421 SE2d 718) (1992). Here, the pertinent portions of the contract provide only that Wilkinson is employed by Gram as its "Office Manager" and that her duties will be prescribed and directed by Gram's president. The trial court properly found these portions of the contract to be ambiguous as to the duties to be performed by Wilkinson and the place of performance.

Upon making such a finding, the trial court correctly admitted parol evidence to explain the ambiguities. " 'It is well-settled that the policy of the law is against the destruction of contracts on the ground of uncertainty if it is possible in the light of the circumstances under which the contract was made to determine the reasonable intention of the parties.' *Touche Ross & Co. v. DASD Corp.*, 162 Ga. App. 438, 439-440 (291 SE2d 35) (1982)." *Brunson v. C. B. A., Inc.*, 189 Ga. App. 621, 622-623 (1) (376 SE2d 706) (1988); see also *Indian Trail Village v. Smith*, 139 Ga. App. 691, 694-695 (4) (229 SE2d 508) (1976). "Parol evidence is admissible to explain an ambiguity but where the degree of indefiniteness imparts no meaning at all, there is nothing to explain." *McTerry*, supra at 725. Here, the contract description of Wilkinson's position as "Office Manager" is not so indefinite as to impart no meaning at all as to her duties and the place of performance. As the trial court noted, the parties clearly intended Wilkinson to manage Gram's office, wherever it is located.

"The test as to whether the contract is sufficiently definite as to the place where the services are to be performed will vary with the circumstances of each type contract. [Cit.]" *Mallory v. Erickson*, 118 Ga. App. 838, 840 (2) (165 SE2d 913) (1968). Parol evidence showed that at the time the parties executed the contract, Gram's only corporate office was located in Tucker, Georgia, and Wilkinson had been working in that office as its manager for approximately eight months. Over two years after entering into the contract, Gram relocated the corporate office from Tucker to West Palm Beach, Florida. Under these circumstances, the court did not err in finding the contract to be sufficiently definite as to the place of performance; the parties clearly intended Wilkinson's place of employment to be Gram's sole corporate office, initially located in Georgia and later moved to Florida.

Parol evidence also showed that, as office manager, Wilkinson was responsible for maintaining Gram's general ledger, doing all of Gram's banking and accounting, and arranging the corporation's board meetings. This evidence was sufficient to make certain any ambiguity which existed in the contract as to the type of services to be performed by Wilkinson. *Mallory*, supra at 839 (1). Where, as here,

the parties abided by the terms of the contract without dispute for approximately two years, it was not error to find it to be enforceable. See *Atlantis Realty Co. v. Morris*, 142 Ga. App. 470, 472 (2) (236 SE2d 163) (1977).

2. Gram argues that the trial court erred in denying its motion for a directed verdict and its motion for j.n.o.v. or, alternatively, a new trial because there is no evidence that Wilkinson demanded performance by Gram under the contract. Gram relies on *Beach v. First Fed. Savings &c. Assn.*, 140 Ga. App. 882, 883-884 (2) (232 SE2d 158) (1977), in which we held that if a contract requires two acts to be done simultaneously, it is necessary for the party complaining of a breach of that contract to show performance on her part *or* that she made a demand on the other party to perform. Because Wilkinson presented evidence showing performance on her part until the time she was allegedly terminated by Gram, it is immaterial whether she demanded performance by Gram under the employment contract. "If the nonperformance of a party to a contract is caused by the conduct of the opposite party, such conduct shall excuse the other party from performance." OCGA § 13-4-23. Since Wilkinson presented evidence that she performed pursuant to the contract until Gram's conduct excused her from performance, the jury was authorized to find that she was not required to demand performance from Gram. "A directed verdict and judgment n.o.v. is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a certain verdict." (Citations, punctuation and emphasis omitted.) *Southern Store &c. Co. v. Maddox*, 195 Ga. App. 2, 3 (1) (392 SE2d 268) (1990). The court did not err in denying Gram's motions on this ground.

3. Gram contends that the court erred in denying its motions for a directed verdict, j.n.o.v. or, alternatively, a new trial because Wilkinson failed to mitigate her damages by refusing Gram's offer to continue her employment in Florida. See OCGA § 13-6-5. This contention is without merit because there was evidence presented at trial from which the jury could have found that Gram's offer of continued employment was not bona fide. Moreover, it is undisputed that Wilkinson has mitigated her damages by taking another job with Gram in Georgia. Because the evidence did not demand a finding that Wilkinson failed to mitigate her damages, the court did not err in denying Gram's motions. *Southern Store*, supra.

4. Gram, relying on OCGA § 13-4-4, argues that the award of damages to Wilkinson was unauthorized because the parties mutually departed from the exact terms of the contract. Gram states that it preserved this argument for appellate review by including it in the motion for j.n.o.v. or a new trial. In support of this statement, Gram cites the pages in the record where the motion is found. A review of

that motion, however, reveals that it does not include this argument. Because this argument was not raised in the trial court, Gram cannot raise it for the first time on appeal. *Ga. Ports Auth. v. Southeast Atlantic Cargo Operators*, 202 Ga. App. 318, 323 (3) (a) (414 SE2d 232) (1991).

5. Gram complains that the court erred in refusing to give its requested jury charge that the duties of the employee and the place of performance are essential terms of an employment contract and must be stated with sufficient definiteness in the contract to show the intent of the parties. "The construction of a contract is a question of law for the court. Where any matter of fact is involved, the jury should find the fact." OCGA § 13-2-1. As discussed in Division 1 of this opinion, the trial court properly resolved the ambiguities in the contract regarding Wilkinson's duties and the place of her employment. There was no matter of fact to be found by the jury as to the definiteness of these terms. The trial court therefore properly refused to give the requested charge.

6. Gram claims that the court erred in refusing to give its requested jury charge that the defendant is excused from performing under the contract if the plaintiff failed to perform her obligations under the contract or made no demand upon the defendant to perform. The court, however, substantially covered the requested charge by instructing the jury on Wilkinson's burden of proof, the definition of a contract, that either party can breach a contract and that repudiation of the contract by either party excuses the other party from performance. "A requested charge is properly refused when the principle involved is substantially covered by the court's general charge." (Citations and punctuation omitted.) *Bryson v. Button Gwinnett Savings Bank*, 205 Ga. App. 668, 669 (1) (423 SE2d 691) (1992).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 14, 1993 —
RECONSIDERATION DENIED OCTOBER 28, 1993 

*Stokes, Lazarus & Carmichael, William K. Carmichael, Richard J. Joseph*, for appellant.

*Lawson & Daniel, John W. Lawson, Christopher D. Langley*, for appellee.