A00A1751. JONES v. HILL.
(539 SE2d 893)

PHIPPS, Judge.

Sherail Jones and John Hill entered a rent to purchase contract for a parcel of property Hill owned in Rome, Georgia. When Hill later failed to convey the property to Jones, she sued him for breach of contract. Hill counterclaimed against Jones for additional rent he claimed was owed. Jones appeals an order of the trial court granting summary judgment to Hill on her claim and his counterclaim. We reverse the order of summary judgment because we find that genuine issues of material fact exist as to both claims.

The agreement between Jones and Hill, which was recorded on a preprinted form "RENTAL AGREEMENT," specified that the term of the lease was five years and that rent was payable monthly in the amount of $256. A final paragraph, which was added to the document, stated:

EXTENDED AND SPECIAL TERMS: THE TERMS OF THE CONTRACT IS [sic] AS FOLLOWS: HOUSE PURCHASED AT $8,000.00 ALSO $8,000.00 FOR MAINTANCE [sic] WHICH COMES TO A TOTAL OF $16,000.00. THIS HOUSE AT 108 EAST 9TH STREET WILL BE PURCHASED IN 5 YEARS WITH MONTHLY PAYMENTS OF $256.00 A MONTH.[1] ONCE THE FIVE YEAR TERM IS

---

[1] Sixty payments of $256 total $15,360.

OVER HOUSE WILL BE TURNED OVER IN SHERAIL ELAINE JONES NAME, BUT UNTIL THEN MAINTANCE [sic] WILL BE PAID BY SHERAIL ELAINE JONES, AND I, JOHN HILL WILL CONTINUE TO PAY TAXES UNTIL THIS CONTRACT IS TERMINATED.

On January 6, 1998, Jones filed suit against Hill seeking a return of the money she had paid to Hill and punitive damages. She asserted that she had made all payments required of her under the contract but that Hill had failed to transfer the property to her. She claimed that when she requested a deed to the property from Hill, she learned that the property was encumbered by approximately $15,000 in debt.

During the year before he entered the agreement with Jones, Hill had borrowed $18,000 from a bank to make improvements on the property. In her response to Hill's motion for summary judgment, Jones asserted that Hill had told her that no money was owed on the house and that he would deed the property to her "free and clear," and that she had checked the title on the property before entering the agreement and had seen no evidence of existing encumbrances.

Hill asserted in his answer that he had never intended or agreed to sell the property free of the bank loan.[2] In his counterclaim, he asserted that he was entitled to additional rent from Jones because she had stopped paying rent after the term of the lease expired but had continued to occupy the property.

In a brief in support of his motion for summary judgment, Hill asserted that the sale provision of the contract was vague and indefinite and, therefore, unenforceable as a matter of law. Because it was unenforceable, he asserted, Jones was a holdover tenant and indebted to him for rent. He added that even if the terms of the agreement were deemed sufficiently clear and definite, they did not require him to convey the property free of indebtedness.

Apparently after an unrecorded hearing in November 1999, the trial court entered its order of summary judgment for Hill on Jones's complaint and Hill's counterclaim. With regard to the basis for granting summary judgment, the order states that it appeared to the trial court that there was no genuine issue of material fact and that Hill was entitled to judgment as a matter of law. The court awarded Hill $12,032 as past due rent from Jones, representing $256 per month from January 1997 through November 1999.

Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file,

---

[2] In his affidavit in support of his motion for summary judgment, Hill claimed that the house had a fair market value of $30,000.

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3] "[T]he opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. [Cit.]"[4]

" '[T]he policy of the law is against the destruction of contracts on the ground of uncertainty if it is possible in light of the circumstances under which the contract was made to determine the reasonable intention of the parties.' [Cits.]"[5] To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate.[6] " 'Parol evidence is admissible to explain all ambiguities, the question as to what was intended being an issue of fact for the jury. (Cit.)' [Cit.]"[7] A contract is unenforceable where it is so indefinite that it imparts no meaning at all, such that there is nothing to explain.[8]

We do not find that this contract was so indefinite and vague that it was rendered unenforceable. It clearly documented an agreement between Jones and Hill whereby Jones would pay Hill $256 per month for five years, and afterward, Hill would transfer ownership of the property to Jones. Furthermore, the record contains evidence that Jones fulfilled her obligations under the contract and that Hill never transferred ownership to her. Under these circumstances, we find that there is a genuine issue of material fact on Jones's breach of contract claim and that summary judgment should not have been granted to Hill on her complaint.

Given the genuine probability that Jones was entitled to ownership of the property, it cannot be said that she unquestionably was obligated to pay rent for the period after she arguably should have become the owner. Thus, we also find that summary judgment should not have been granted to Hill on his counterclaim.

*Judgment reversed. Johnson, C. J., and Smith, P. J., concur.*

---

[3] OCGA § 9-11-56 (c).

[4] *Gill v. Cooper Tire &c. Co.*, 231 Ga. App. 482, 484 (1) (499 SE2d 85) (1998).

[5] *Gram Corp. v. Wilkinson*, 210 Ga. App. 680, 681 (1) (437 SE2d 341) (1993).

[6] OCGA § 13-3-1.

[7] *Karlan, Inc. v. King*, 202 Ga. App. 713, 715-716 (1) (415 SE2d 319) (1992).

[8] *Gram Corp.*, supra; *McTerry v. Free for All Missionary Baptist Church No. 1*, 129 Ga. App. 724, 725 (200 SE2d 915) (1973).

Decided September 29, 2000.

*Floyd H. Farless*, for appellant.
*Charles Crawford*, for appellee.